McCAIN, Judge.
Appeal is brought by the defendant, CityWide Sanitation Co., Inc., from orders of the trial court in an action maintained by the plaintiff, City of Pembroke Pines, Florida.
By contract with plaintiff, defendant collected garbage from the residents of Pembroke Pines. The agreement contained the rates to be charged and further provided that plaintiff would handle billing and collection, retaining a ten per cent (10%) fee for this service. The contract also permitted an increase in rates in the event defendant should be subjected to additional expenses for disposal of the trash as a result of conditions beyond its control, “particularly a change in governmental regulation with respect to disposal methods requiring incineration.” The' contract then called for arbitration of any controversy over an increase in rates.
On March 22, 1965, defendant advised plaintiff by letter that Broward County would henceforth require that all garbage be incinerated. Defendant stated that because of this change it would need a 500 increase in each account’s monthly rate. Plaintiff’s city council approved the request. Defendant then sent plaintiff a second letter in which it requested that the contract term be extended in order to enable defendant to purchase some needed equipment. The dialogue between the parties culminated in the signing of a second addendum to the contract.
The second addendum recited that defendant had represented that its costs had increased, extended the contract until June 30, 1970, and increased the monthly rate by fifty cents (500) per account. Defendant also agreed to purchase a new garbage truck and further promised to refrain from requesting *486 any rate increase during the duration of the contract.
Subsequently plaintiff discovered that defendant was not in fact incinerating the trash. Plaintiff then brought this action on its own behalf and on behalf of its residents. In essence the complaint alleged the existence of the original contract, defendant’s representations of increased costs, and the entry into the second addendum. The complaint then alleged that defendant had erroneously and wrongfully collected some $25,-417.50 as a result of the rate increases, that defendant had not done what it had intended to do, that plaintiff had demanded these funds without success and that defendant had violated and breached its contract. Finally, the complaint asked for a money judgment in excess of $25,000.00.
Defendant’s motion to dismiss was denied, and upon motion for summary judgment by both parties the trial court entered an order setting aside the second addendum as of June, 1967 and required that the matter of any increase be submitted to arbitration. The court entered a further order requiring plaintiff to continue to collect amounts as increased but to place fifty cents (50^) of the monies collected monthly from each account in a separate fund until further order of the court. It is from these orders that defendant appeals. We reverse.
The first question presented for our consideration is the sufficiency of plaintiff’s complaint. A careful examination of the complaint leads us to conclude that it does not state a cause of action. Basically the complaint alleges only that a contract existed, that defendant requested an amendment of that contract for certain specified reasons, that the contract was amended, that defendant did not do what it had intended to, that sums collected pursuant to the addendum were wrongfully collected, that defendant had breached the contract, and that plaintiff was suing defendant for in excess of $25,000.00.
It is at once apparent that plaintiff is not suing for a breach of contract. Other than one conclusory allegation that defendant has breached the contract no facts are alleged that would indicate defendant had failed to fulfill any contract obligation. In fact the plaintiff concedes defendant has been performing under the contract and that it did purchase a new truck as agreed. As for incinerating trash the contract is silent on the methods of disposal to be used. Defendant’s failure to incinerate is not claimed as a breach.
It is equally obvious that plaintiff is not seeking rescission of the second addendum and restitution of sums collected thereunder. Such relief is not requested nor are there alleged sufficient facts to support such a claim. We note parenthetically that if plaintiff is attempting to rely upon fraud or mistake it must include specific allegations in its complaint. F.R.C.P. 1.120, 30 F.S.A.
The plaintiff may be able to draw a complaint stating a cause of action. The present complaint does not, however, and so we must and do hereby reverse and remand to the trial court with directions to dismiss plaintiff’s complaint with leave to amend.
Reversed and remanded.
OWEN, J., and PATTERSON, WILLIAM A., Associate Judge, concur.