296 So.2d 632 (1974)
Larry AARON, Plaintiff,
v.
Alfred RINALDI and Allstate Insurance Company, a Foreign Corporation, Defendant.
No. 74-410.
District Court of Appeal of Florida, Third District.
May 23, 1974.
Rehearing Denied July 15, 1974.
*633 Kramer & Telander, P.A., Miami, for plaintiff.
Petersen, McGowan & Feder, Miami, for defendant.
Before BARKDULL, C.J., and CARROLL and HAVERFIELD, JJ.
HAVERFIELD, Judge.
This cause comes to us by way of certified question pursuant to FAR 4.6, 32 F.S.A.
Plaintiff, Larry Aaron, filed a complaint for both compensatory and punitive damages for injuries sustained as a result of an automobile accident with the defendant Alfred Rinaldi who allegedly had operated his motor vehicle in such a reckless manner as to evidence a flagrant, malicious, and wanton disregard for the values and safety of human life. At the trial, plaintiff called defendant as an adverse witness, but did not make inquiry into the financial ability of the defendant to pay punitive damages. At the conclusion of complainant's case, defendant moved to strike plaintiff's claim for punitive damages on the ground that plaintiff did not present any evidence of the defendant's financial ability to pay an award of punitive damages. The trial judge granted this motion to strike and thereby withdrew from the jury's consideration the issue of punitive damages. Plaintiff filed a motion for new trial based on the foregoing. After oral argument was heard thereon and both parties submitted respective memoranda of law in support of their position, the trial judge certified the following question to this court:
QUESTION
WHETHER OR NOT THE PLAINTIFF MUST AS A PREDICATE FOR HIS CLAIM FOR PUNITIVE DAMAGES INTRODUCE EVIDENCE OF THE DEFENDANT'S FINANCIAL WORTH AND ABILITY TO PAY ANY AWARD OF PUNITIVE DAMAGES IN ORDER FOR THE ISSUE TO BE CONSIDERED BY THE JURY?
In determining the amount of punitive damages, a jury properly may consider the nature, extent, and enormity of the wrong, the intent of the party committing it, and generally all the circumstances attending the particular transaction involved, as well as any mitigating circumstances which may operate to reduce without wholly defeating such damages, including the financial and social condition and standing of the party. 22 Am.Jur.2d, Damages § 264 (1965); 9A Fla.Jur.Damages § 118 (1972). However, evidence of the defendant's financial position may not be considered in passing upon the question of law as to whether the case is one in which punitive damages may be allowed. 22 Am.Jur.2d, Damages § 322 (1965).
In light of the foregoing principles, it is apparent that the financial worth of the defendant is one of many elements, which properly may be considered by a jury in its determination of the amount to be awarded as punitive damages, but evidence of worth is not a requisite to such award. See Charles v. Texas Co., 199 S.C. 156, 18 S.E.2d 719 (1942); Rogers v. Florence Printing Company, 233 S.C. 567, 106 S.E.2d 258 (1958).
Further, although the defendant's financial worth is admissible for consideration by the jury of the amount of punitive damages to be awarded, the burden of proof of worth is not exclusively upon the *634 complainant as in absence of introduction of such proof by the complainant, defendant may introduce his financial ability to pay an award of punitive damages for the purpose of mitigation thereof. See, e.g., Holmes v. Hollingsworth, 234 Ark. 347, 352 S.W.2d 96 at 99 (1961).
Accordingly, we answer the certified question in the negative and remand the cause with directions to grant plaintiff's motion for a new trial.
It is so ordered.