305 So.2d 306 (1974)
Ben W. HOY and Klean Maintenance Service, Inc., a Florida Corporation, Appellants,
v.
James POYNER, Appellee.
No. 74-515.
District Court of Appeal of Florida, Second District.
December 31, 1974.
Hockett, Silver, Spalding & Lewis, Sarasota, for appellants.
Peter W. Martin, Nelson, Stinnett, Surfus, Payne, Hesse & Cyril, Sarasota, for appellee.
*307 HOBSON, Judge.
Appellants appeal a final judgment pursuant to a jury verdict awarding Poyner compensatory damages in the amount of $10,000 and punitive damages in the amount of $30,000 in a malicious prosecution action.
The record contains competent and substantial evidence to establish the liability of the appellants for both compensatory and punitive damages, and to justify the amount of the compensatory damages awarded.
Our concern is with the amount awarded for punitive damages. The record is devoid of any evidence tending to prove the financial worth of the appellants or their financial ability to pay an award of such damages.
The purpose of punitive damages is the punishment of each wrongdoer by exacting from his pocketbook a sum of money which, according to his financial ability, will hurt, but not bankrupt. The allowance of evidence of financial worth of the tortfeasors will make possible the attainment of the purpose sought to be accomplished. Lehman v. Spencer Ladd's, Inc., Fla. 1966, 182 So.2d 402; Richards Company v. Harrison, Fla.App.1st, 1972, 262 So.2d 258.
In order for the jury to fix intelligently the amount of punitive damages in line with Florida Standard Jury Instruction 6.12, especially in cases involving multiple defendants of different pecuniary circumstances, it is necessary for there to be adequate proofs of the defendants' net worth. International Union of Operating Engineers, Local No. 675 v. Lassitter, Fla.App. 4th 1974, 295 So.2d 634; Brock v. Maine, Fla.App.4th 1974, 293 So.2d 375; contra, Aaron v. Rinaldi, Fla.App.3rd 1974, 296 So.2d 632. See also Richards Company v. Harrison, supra.
Appellants contend that the assessed damages were excessive, and appellee contends that the award was justified. Yet, this court has not been furnished a basis upon which to make a determination of the issue. For this reason, we must reverse that portion of the final judgment awarding appellee punitive damages in the amount of $30,000.
We have considered the other points raised on appeal and find that appellants have failed to demonstrate reversible error.
That portion of the final judgment awarding appellee compensatory damages is affirmed, and the cause is remanded for a new trial on the issue of the amount of punitive damages only.
Reversed in part; affirmed in part, and remanded for proceedings consistent herewith.
McNULTY, C.J., and GRIMES, J., concur.