521 So.2d 153 (1988)
BILL BRANCH CHEVROLET, INC., Appellant,
v.
Peter C. BURKERT, Appellee.
No. 87-843.
District Court of Appeal of Florida, Second District.
January 29, 1988.
Rehearing Denied March 9, 1988.
*154 Susan E. Trench and Richard M. Goldstein of Goldstein & Tanen, P.A., Miami, for appellant.
Robert L. Donald of Pavese, Garner, Haverfield, Dalton, Harrison & Jensen, Lehigh Acres, for appellee.
PER CURIAM.
Bill Branch Chevrolet, Inc. (Bill Branch) appeals a final judgment in favor of appellee, Peter C. Burkert. We affirm.
For two months during the spring of 1985, Bill Branch engaged in a sales promotion where vacation certificates were given to customers who purchased new vehicles. Burkert purchased a van during the promotion and was provided a certificate entitling him and his wife to a vacation in Acapulco or Puerto Vallarta. When Burkert obtained complete information on the terms and conditions of the vacation, he became dissatisfied with a number of conditions including the requirement that the vacation recipients participate in an interval ownership sales promotional tour. Burkert became increasingly dissatisfied when he applied for the vacation and was advised that the first date available was in November. The time was unacceptable to the Burkerts because their first child was due December 1. Burkert made several complaints but was not satisfied with the efforts Bill Branch made to rectify the situation. As a result, he brought a four count suit alleging that Bill Branch breached its contract with him, violated sections 817.41 (Misleading Advertising) and 817.415 (Florida Free Gift Advertising Law), Florida Statutes (1985), and committed fraud.
At trial, Burkert presented evidence from which the jury could have determined that Bill Branch knew before the sales promotion began that the vacation was part of an interval ownership sales campaign and that there were other restrictions on the vacation which would probably prevent many of its customers from actually taking the vacation. Furthermore, there was evidence from which the jury could have determined that Bill Branch purposely withheld this information from potential customers until after the sale of a vehicle was complete. A jury found Bill Branch liable on all four counts and awarded Burkert $1768 in compensatory damages and $667,000 in punitive damages. Bill Branch's motions for remittitur, new trial, and to interview the jury were denied, and this timely appeal followed.
*155 Although we affirm the final judgment in favor of Burkert in all respects, we believe Bill Branch's contention that the trial court erred in refusing to reduce the punitive damages award merits discussion in view of the large amount of the punitive damages awarded.
Since the degree of punishment to be inflicted on the defendant is peculiarly within the province of the jury, courts will hold punitive damages excessive only in unusual circumstances. Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla. 1978).
The purposes of punitive damages are served by extracting a sum of money from the defendant which, according to the defendant's financial ability, will hurt but not bankrupt. Hoy v. Poyner, 305 So.2d 306 (Fla. 2d DCA 1974). Bill Branch does not contend that it does not have the financial ability to pay the punitive damages. In fact, the record indicates that Bill Branch grossed approximately $58 million in 1985 and had a profit of $1.4 million during the two months of the vacation promotion. The jury's punitive damages award, therefore, does not warrant reversal on the basis that it will bankrupt the defendant. See Arab Termite & Pest Control v. Jenkins, 409 So.2d 1039 (Fla. 1982); Hoy.
In considering the amount of punitive damages awarded to Burkert, this court is aware that Bill Branch may be subject to other lawsuits stemming from the vacation promotion. Evidence of the adverse effects on Bill Branch which would be caused by the award of punitive damages in this and other pending cases was certainly admissible in avoidance or mitigation of punitive damages. See Johns-Manville Sales Corp. v. Janssens, 463 So.2d 242 (Fla. 1st DCA 1984), petition for review denied, 467 So.2d 999 (Fla. 1985). Such evidence could then properly be considered by the jury in determining whether an award of punitive damages will bankrupt or destroy the defendant, but it is not a recognized basis for reversing what may appear to be a large award of punitive damages to one plaintiff. See Janssens. Moreover, even though the amount of punitive damages awarded here seems disproportionately large when compared with the amount of compensatory damages, punitive damages are not required to bear any relationship to the actual compensatory damages awarded. Wackenhut Corp.
A new trial or remittitur may be ordered if the record affirmatively supports a finding that the amount of damages assessed is out of all reasonable proportion to the malice, outrage, or wantonness of the tortious conduct or if the trial judge finds that the jury was influenced by matters outside the record. Jenkins. Here, the trial judge made no such findings, nor do we. The correctness of the jury's verdict is strengthened when, as here, the trial judge refuses to grant a new trial or remittitur, and the appellate court may review the trial court ruling only for an abuse of discretion. Lassitter v. International Union of Operating Engineers, 349 So.2d 622 (Fla. 1976). As an appellate court, we cannot substitute our view of the evidence for that of the jury even if we were disposed to disagree with the jury's view thereof. Richards Company v. Harrison, 262 So.2d 258 (Fla. 1st DCA 1972), cert. denied, 268 So.2d 165 (Fla. 1972).
Although we believe the amount of punitive damages awarded here may be considered large, we find that reasonable men could differ, see Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), as to whether the amount is so large that it should shock the judicial conscience to the extent that a new trial or remittitur is required. See Washington County Kennel Club, Inc. v. Edge, 216 So.2d 512 (Fla. 1st DCA 1968), cert. dismissed, 225 So.2d 522 (Fla. 1969). We, accordingly, find no abuse of discretion in the trial court's denial of Bill Branch's motions for new trial or remittitur and, therefore, must affirm the final judgment.
Affirmed.
SCHEB, A.C.J., and SCHOONOVER and THREADGILL, JJ., concur.