699 So.2d 1040 (1997)
Robert J. SIEDLECKI, Cynthia H. Siedlecki, American National Corporation and Biscayne Insurance Company, Inc., Appellants/ Cross-Appellees,
v.
Leonard ARABIA, Appellee/ Cross-Appellant.
No. 96-1263.
District Court of Appeal of Florida, Fourth District.
October 8, 1997.
*1041 Alan S. Becker and Gary C. Rosen of Becker & Poliakoff, P.A., Fort Lauderdale, for appellants/cross-appellees.
Daniel S. Pearson and Christopher N. Bellows of Holland & Knight, Miami, for appellee/cross-appellant.
PER CURIAM.
Appellants appeal from a jury verdict holding them liable for fraud and breach of contract. Appellee cross-appeals the amount of damages awarded to it in the final judgment and the trial court's denial of attorney's fees. We affirm in part, reverse in part, and remand.
The only issue we address on direct appeal is a breach of contract claim against a corporation. The facts essential to this issue are as follows.
Appellee, Leonard Arabia, entered into a written contract with Appellants Robert and Cynthia Siedlicki, American National Corporation ("ANC"), and Biscayne Insurance Company ("BIC"). The contract was signed by Arabia and the Siedlickis personally, as the controlling officers, directors, and owners of ANC, and as the officers and directors of BIC. The contract provided that Arabia would invest in and work for BIC, and in return, ANC, as the sole owner of BIC, would pay Arabia the sum of $2000 per month. After Arabia had worked for BIC for two years, he sued BIC for breach of contract for failing to pay him $2000 per month, which he alleged the contract required. The jury found that BIC breached a contractual duty to Arabia and awarded Arabia $48,000 for two years of uncompensated work.
On appeal, BIC argues that because it did not have a legal duty under the contract to pay Arabia, the trial court erred in denying its motion for directed verdict as to the breach of contract claim against it. Arabia argues only that BIC should be liable for ANC's contractual obligations because BIC was a signatory to the contract. We disagree with Arabia's position because we fail to find any authority that would support his theory of law under the circumstances of this case. Here, the contract at issue specifically stated that ANC would pay a sum of $2000 to Arabia for work he performed for BIC. Nowhere in the contract did BIC agree to undertake that duty, and neither party has shown us any place in the record that would indicate BIC agreed to undertake ANC's contractual duty. Absent a legal obligation to perform, BIC cannot be found liable for breach of contract. See generally City-Wide Sanitation Co. v. City of Pembroke Pines, 214 So.2d 485 (Fla. 4th DCA 1968)(holding that party to contract cannot be held liable for breach for nonperformance of an alleged duty that does not appear in the contract). As such, the trial court erred in denying BIC's motion for directed verdict on the breach of contract claim. As to all other issues on direct appeal, we affirm.
On cross-appeal, we address three issues. Arabia first argues that the trial court abused its discretion in reducing the amount of punitive damages the jury awarded for Arabia's fraud claim. We agree. A trial court may enter an order of remittitur only when the record affirmatively shows the jury's verdict to be excessive or when the jury was influenced by something outside of the record. Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla.1978). The trial court does not sit as a seventh juror with veto power over the jury's award of punitive damages. Laskey v. Smith, 239 So.2d 13 (Fla.1970). So long as the record indicates that the jury's damage award is not "out of all reasonable proportion to the malice, outrage, or wantonness of the tortious conduct," then the jury's award of punitive damages must stand. Arab Termite & Pest Control v. Jenkins, 409 So.2d 1039, 1042 (Fla.1982). Here, the trial court cited specific reasons from the record to justify reducing the award, but it ignored other evidence in the record that supports the jury's award. This was improper, as a court is never free to reduce a verdict by remittitur to that amount which it considers the jury should have allowed. Lassitter v. International Union of Operating Eng'rs, 349 So.2d 622 (Fla.1976). Although the *1042 amount of punitive damages the jury awarded here may be considered large, the amount was supported by the record as a whole and was not so large that it shocked the judicial conscience to the extent a remittitur was required. Bill Branch Chevrolet, Inc. v. Burkert, 521 So.2d 153 (Fla. 2d DCA 1988). Further, considering the fraud claim involved, the record does not affirmatively show that the jury's damage award was excessive, nor is there any indication that the jury was influenced by matters outside of the record. See Canty, 359 So.2d at 430. Therefore, the trial court's order of remittitur is reversed and we remand to the trial court to reinstate the jury's damage award.
Arabia also appeals the trial court's failure to assess prejudgment interest on the jury's award for damages on his fraud claim. Again, we agree with Arabia's position. By awarding damages to Arabia, the jury determined that Arabia has lost something, i.e., his potential investment, which held certain monetary value by the fraud committed by Appellants. Because Arabia lost something of monetary value, his damages are properly considered pecuniary damages, of which prejudgment interest is simply another component. Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985). Appellants' argument that prejudgment interest is precluded because the date of Arabia's loss has not been specified is meritless. As we held in Pine Ridge at Haverhill Condominium Ass'n v. Hovnanian of Palm Beach II, Inc., 629 So.2d 151 (Fla. 4th DCA 1993), the jury's award of damages for fraud had the effect of fixing damages as of the date that the fraud was discovered and Arabia discontinued his work for BIC. See Getelman v. Levey, 481 So.2d 1236 (Fla. 3d DCA 1985). Therefore, we remand to the trial court to amend its final judgment to include prejudgment interest.
Finally, Arabia argues that the trial court erred in denying him attorney's fees based upon his demand for judgment. Arabia demanded judgment from Appellants in the amount of $250,000, which "exclud[ed] costs accrued to date." Appellants rejected the demands, and Arabia obtained final judgment against Appellants for over $1 million. When Arabia moved for fees pursuant to section 768.79, Florida Statutes (1995), Florida's demand-for-judgment statute, the trial court ruled that the demands were not valid because they failed to specify a sum certain for costs, including attorney's fees. This was error, as a plaintiff need not include taxable costs or attorney's fees otherwise provided by statute and rule that the court would tax against a defendant incidental to the jury's damage award. Hellmann v. City of Orlando, 610 So.2d 103 (Fla. 5th DCA 1992); see Williams v. Brochu, 578 So.2d 491 (Fla. 5th DCA 1991). But see State Farm Life Ins. Co. v. Bass, 605 So.2d 908 (Fla. 3d DCA 1992). As such, we remand for the trial court to determine a reasonable amount of attorney's fees.
Accordingly, we vacate the jury's verdict on Arabia's breach of contract claim against BIC. On cross-appeal, we reverse the order of remittitur and remand to the trial court to reinstate the jury's damage award, amend its final judgment to include prejudgment interest, and determine a reasonable amount of attorney's fees to which Arabia is entitled pursuant to his demand for judgment. All other points before this Court are affirmed.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
GUNTHER and FARMER, JJ., and MAY, MELANIE G., Associate Judge, concur.