974 So.2d 623 (2008)
Beverly N. YOUNG, individually and as Trustee of the Goldman Revocable Living Trust and Ephraim S. Young, Appellants,
v.
Nancy S. KURLANSIK, as Personal Representative of the Estate of Moe Goldman, deceased, Appellee.
No. 4D06-4982.
District Court of Appeal of Florida, Fourth District.
February 27, 2008.
Bennett S. Cohn of the Law Offices of Bennett S. Cohn, West Palm Beach, for appellants.
Manuel Kushner of Kaye Scholer LLP, West Palm Beach, for appellee.
PER CURIAM.
In its final judgment the trial court reformed a promissory, note to include omitted terms. At the same time it entered a judgment for damages based upon several legal theories that the appellants engaged in tortious conduct by omitting those terms. The amount of the damages constituted the principal amount of the note, and in her complaint appellee had requested damages and cancellation of the note.
The appellants claim that the awards were not supported by competent substantial evidence and are inconsistent. There was competent substantial evidence to support *624 the claims. We agree, however, that the awards are inconsistent, because the appellee cannot affirm the note by obtaining its reformation, and at the same time disavow the note by claiming damages (in the amount of the promissory note) for the failure to include those terms.
We reverse the final judgment with directions that the trial court shall allow the appellee to elect her remedy. Electing reformation will permit the appellee to sue on the promissory note and foreclose on the mortgage securing the note. The promissory note and mortgage also include an attorney's fee provision. Electing a judgment for damages constitutes a disavowal of the promissory note and will require its cancellation. It will permit the appellee to obtain interest at the statutory rate instead of the promissory note rate. The trial court will then enter judgment on the remedy elected by the appellee. That remedy would include prejudgment interest, which we conclude is proper for this pecuniary loss. See Siedlecki v. Arabia, 699 So.2d 1040, 1042 (Fla. 4th DCA 1997).
In all other respects, including the additional recovery for breach of fiduciary duty, we affirm the final judgment.
WARNER, FARMER and KLEIN, JJ., concur.