578 So.2d 491 (1991)
Rondoe Marie WILLIAMS, Appellant/Cross-Appellee,
v.
Jeannine O. BROCHU, Appellee/Cross-Appellant.
No. 90-370.
District Court of Appeal of Florida, Fifth District.
April 25, 1991.
*492 Brent C. Miller of Jacobs & Goodman, P.A., Altamonte Springs, for appellant/cross-appellee.
David B. Falstad of Gurney & Handley, P.A., Orlando, for appellee/cross-appellant.
COWART, Judge.
This case involves an interpretation of section 768.79(1), Florida Statutes (1986),[1] which provides as follows:
(1)(a) In any action to which this part applies, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred from the date of filing of the offer if the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award. Where such costs and attorney's fees total more than the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the plaintiff's award. If a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, he shall be entitled to recover reasonable costs and attorney's fees incurred from the date of the filing of the demand. If rejected, neither an offer nor demand is admissible in subsequent litigation, except for pursuing the penalties of this section.
(b) Any offer or demand for judgment made pursuant to this section shall not be made until 60 days after filing of the suit, and may not be accepted later than 10 days before the date of the trial.

THE FACTS
Pursuant to the above statute, the defendant (appellee Brochu) on April 27, 1989 (a date more than 60 days after suit was filed), filed an Offer of Judgment for $2,000 which was never accepted by the plaintiff (appellant Williams). On December 4, 1989, the defendant filed a second Offer of Judgment for $7,500 which was never accepted by the plaintiff. On December 13, 1989, the plaintiff filed a Demand for Judgment for $12,000 which the defendant never accepted. The jury trial began on January 2, 1990, and resulted in the plaintiff receiving a net[2] damages award of $1,200.

THE TRIAL COURT ACTION
As found by the trial court, the defendant's costs and the defendant's attorney's fees incurred after the date of the filing of the first Offer of Judgment were $1,900.80 and $6,400, respectively, totaling $8,300.80 while the amount of the plaintiff's damages award ($1,200) and the plaintiff's costs (per section 57.041, Florida Statutes) of $364.50 incurred prior to the date of the filing of the defendant's first Offer of Judgment on April 27, 1989, totaled $1,564.50, resulting in a net difference of $6,736.30, for which amount the trial court entered final judgment in favor of the defendant.

THE ISSUES ON APPEAL
The plaintiff appeals and the defendant cross-appeals. The parties argue for conflicting interpretations of the statute by analogies relating to Florida Rule of Civil *493 Procedure 1.442 and principles of contract law involving offers, effect of second offers constituting withdrawals of first offers, and counteroffers operating as rejections of offers, etc.
More specifically, the plaintiff (appellant Williams) who suffered a net judgment against herself in the amount of $6,736.30, makes the following five arguments:
(1) Because the defendant's first Offer of Judgment did not indicate that the offered $2,000 was not inclusive of costs and because offers should be strictly construed against the offeror, the Offer of Judgment must be understood to be inclusive of costs which, the plaintiff reasons, requires the court to interpret the statutory language "the judgment obtained by the plaintiff" to also include both the plaintiff's damages award ($1,200) and the plaintiff's taxable costs ($364.50), which means the plaintiff's judgment would then be considered to be $1,564.50, which is $64.50 more than "25% less than such offer", in other words, $1,564.50 is $64.50 more than the sum of $1,500 (which is 25% less than the offer of $2,000); therefore, the defendant was not entitled to attorney's fees and costs under the statute based on the first Offer of Judgment.
(2) The defendant's second Offer of Judgment was filed on December 4, 1989, which was less than 30 days before the trial on January 2, 1990. Therefore, the plaintiff did not have the 30 days provided by the statute in which to accept that offer, especially in view of the statutory provision that the offer "may not be accepted later than 10 days before the date of the trial." Therefore the second Offer of Judgment was ineffective as a basis for the award of costs and attorney's fees to the defendant.
(3) Costs and attorney's fees awarded under the statute are in the nature of indemnification. Therefore, none should be awarded unless the party seeking them has paid them or has incurred liability to do so and the defendant in this case is not liable for them because the defendant's liability insurer was contractually obligated to pay the defendant's costs and attorney's fees and the statute does not provide for reimbursement or indemnification of the insurer.
(4) The jury's finding of "no permanent injury", a threshold finding necessary for recovery under section 627.737(2), Florida Statutes, was contrary to the manifest weight of the evidence in view of the uncontradicted testimony of the plaintiff's dentist as to damages to the plaintiff's teeth.
(5) The trial court erred in awarding the defendant attorney's fees based on an expert opinion that 128 hours was a reasonable time rather than basing the award on the defendant's attorney's affidavit that the actual time expended was 106.3 hours.
The defendant (appellee Brochu) on cross-appeal argues that the trial court abused its discretion in awarding the plaintiff $113 as costs for the per diem attendance of a court reporter at the plaintiff's independent (compulsory) physical examination and for the related transcript costs.

WE HOLD
(1) that the statutory term "judgment obtained" means the amount of the judgment for damages awarded by the jury for the cause of action being tried and does not include taxable costs or attorney's fees provided by statutes and rules which are taxable by the court incidental to the jury's consideration of an award for damages.[3] Perhaps the difference is between the concept of an offer to settle as opposed to the concept of an "offer of judgment." An offer to settle would be more inclusive resolving all matters for one stated sum whereas a plaintiff, accepting an Offer of Judgment (for damage claims) would still be entitled to an award of taxable costs under section 57.041, Florida Statutes. We note that while Parliament Insurance Company v. That Girl in Miami, Inc., 377 So.2d 1011 (Fla. 3d DCA 1979), involved an *494 offer of judgment pursuant to Rule 1.442[4] which was accepted, the Third District held that the offer did not include attorney's fees which the plaintiff insured was entitled to recover from the defendant insurer under section 627.428, Florida Statutes.
Because the plaintiff's judgment obtained for damages was $1,200, which was at least 25% less than the amount of the first Offer of Judgment (i.e., $1,200 is less than $1,500 which is 25% less than $2,000), the defendant was entitled to recover attorney's fees under that statute based on the plaintiff's failure to accept the first Offer of Judgment. The plaintiff was free to accept the first Offer of Judgment and failing to do so within 30 days became subject to potential liability for the defendant's costs and attorney's fees as provided by the statute. This potential liability was not affected by the defendant's second Offer of Judgment or the subsequent plaintiff's demand for judgment. The statute puts no limitations on the number of offers or demands for judgment which can be made within the time limitations contained in the statute.
(2) In view of our conclusion we do not address the question of whether the plaintiff's demand for judgment, less than 30 days before trial, might constitute some type of waiver as to the defendant's second Offer of Judgment which was also made less than 30 days before trial.
(3) The Florida Supreme Court recently rejected the argument that a party is precluded from recovering costs and attorney's fees under rules and statutes such as Rule 1.442 and sections 45.061 and 768.79, Florida Statutes, when an insurance company or other third party pays or advances those costs or fees.[5]
(4) The dentist's testimony that in his opinion the plaintiff would require root canals in the future was susceptible to different conclusions as to whether at the time of trial the plaintiff had a permanent injury. Furthermore, it is the province of the jury to weigh evidence and the jury has the right to reject or accept all, or any part of, the testimony of any witness including the expert witness.[6]
(5) We accept the plaintiff's argument that the defendant's attorney's fees should have been computed based on the 106.3 hours of time actually expended by defense counsel rather than the 128 hours deemed reasonable by an expert opinion. See Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985).
As to the defendant's argument on cross-appeal, we hold the trial court did not abuse its discretion in awarding the plaintiff the cost attendant to the presence and reporting of a court reporter at an independent (compulsory) physical examination. See High v. Burrell, 509 So.2d 385 (Fla. 5th DCA 1987); Goslin v. Racal Data Communications, Inc., 468 So.2d 390 (Fla. 3d DCA 1985), rev. denied, 479 So.2d 117 (Fla. 1985).
We affirm all decisions of the trial court presented on this appeal with the exception of that portion of the Final Judgment awarding the defendant attorney's fees of $6,400.00 based on 128 reasonable hours rather than 106.3 hours actually expended. $6,400 for 128 hours equals $50.00 per hour, therefore 106.3 hours at $50.00 per hour equals $5,315.00, a difference of *495 $1,085. Rather than remanding for further judicial labor on this point, we reduce the attorney's fees award to $5,315 ($6,400 less $1,085) and modify the defendant's judgment herein by reducing it ($6,736.30 less $1,085) to $5,651.30.
The defendant has moved for attorney's fees on appeal pursuant to sections 59.46 and 768.79, Florida Statutes. We do not decide whether the plaintiff or the defendant was the prevailing party in this case where the defendant's recovery for costs ($1,900.80) and attorney's fees ($5,315.00 after modification on appeal) exceeded the plaintiff's recovery of $1,564.50 for damages and costs by $5,651.30. However, the plaintiff did obtain a judgment[7] within the meaning of section 768.79, Florida Statutes, thereby entitling the defendant to recover reasonable costs and attorney's fees incurred from the date of filing of the first Offer of Judgment. Although we find no case in point, because an appeal is but part of the same action being appealed, we perceive no reason why a defendant's right to recover reasonable costs and attorney's fees under section 768.79(1) does not apply to those incurred on appeal in the same action. Therefore, the defendant's motion for attorney's fees on appeal is granted and we remand for the trial court to determine the reasonable amount thereof.
AFFIRMED AS MODIFIED; REMANDED.
GOSHORN and HARRIS, JJ., concur.
NOTES
[1] We note that section 768.79(1), Florida Statutes, has been amended by Ch. 90-119 § 48, Laws of Florida, effective October 1, 1990.
[2] This was a comparative negligence case. The jury found each party 50% negligent and the plaintiff's total damages to be $2,400.
[3] Costs are incidental to an action and are not part of the damages. See, Louisville and Nashville Railroad Co. v. Sutton, 54 Fla. 247, 44 So. 946 (1907); Trawick, Florida Practice and Procedure § 25-12, Costs, p. 377 (1990).
[4] For a discussion of the uncertain relationship between Rule 1.442 and sections 768.79 and 45.061, Florida Statutes, see, generally, Vocelle, L. Offers of Judgment, Demands for Judgment and Offers of Settlement: Who's on First, 62 Fla.B.J. 10 (March 1988) and Distasio, Offers of Judgment: The Confusion Continues, 64 Fla.B.J. 20 (December 1990).
[5] Aspen v. Bayless, 564 So.2d 1081 (Fla. 1990), approving, Hough v. Huffman, 555 So.2d 942 (Fla. 5th DCA 1990) (and disapproving the cases relied upon by the plaintiff: Aspen v. Bayless, 552 So.2d 298 (Fla. 2d DCA 1989); Turner v. D.N.E., Inc., 547 So.2d 1245 (Fla. 4th DCA 1989); and City of Boca Raton v. Boca Villas Corp., 372 So.2d 485 (Fla. 4th DCA 1979)). See also Royster v. Van Der Meulen, 564 So.2d 1204 (Fla. 1st DCA 1990).
[6] See e.g., Florida Standard Jury Instructions in Criminal Cases 2.04(a); Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). See also Bruce Construction Corp. v. The State Exchange Bank, 102 So.2d 288 (Fla. 1958).
[7] See and compare Oriental Imports, Inc. v. Alilin, 559 So.2d 442 (Fla. 5th DCA 1990); Kline v. Publix Supermarkets, Inc., 568 So.2d 929 (Fla. 2d DCA 1990); Gunn v. DePaoli, 562 So.2d 427 (Fla. 2d DCA 1990); Makar v. Investors Real Estate Management, Inc., 553 So.2d 298 (Fla. 1st DCA 1989), Rabatie v. U.S. Security Ins. Co., 14 F.L.W. 1753 (Fla. 3d DCA 1989) (on rehearing). See also the amendment to section 768.79, Florida Statutes, Ch. 90-119 § 48, Laws of Florida, effective October 1, 1990.