610 So.2d 103 (1992)
Ray B. HELLMANN, Appellant,
v.
CITY OF ORLANDO, Florida, Appellee.
No. 92-502.
District Court of Appeal of Florida, Fifth District.
December 18, 1992.
William W. Fernandez, Orlando, for appellant.
Edward L. Fagan, of Eubanks, Hilyard, Rumbley, Meier & Lengauer, P.A., Orlando, for appellee.
*104 HARRIS, Judge.
Ray B. Hellman timely appeals because he was not awarded attorney's fees in his final judgment.
Hellman's car was struck by a City of Orlando street sweeper. He made an offer/demand for judgment in the amount of $8,500.00 plus costs under Rule 1.442, Fla. R.Civ.P. and section 768.79, Florida Statutes which was denied. A jury trial was subsequently conducted and a verdict was entered in favor of Hellman in the amount of $36,000. He then filed a motion to tax costs and for attorney's fees and requested judgment on the verdict. The trial court, finding that the earlier offer of judgment was invalid since it included a request for costs which was not specific as to a dollar amount, denied the motion for attorney's fees and entered a judgment in the amount of $36,000.00 plus costs in the amount of $2,604.32.
The issue before us is whether an offer/demand for judgment is ineffective if costs are requested but not stated in a specific dollar amount. We find the demand was sufficient and reverse the denial of attorney's fees.
Section 768.79 provides:
(2) The making of an offer of settlement which is not accepted does not preclude the making of a subsequent offer. An offer must:
(a) Be in writing and state that it is being made pursuant to this section.
(b) Name the party making it and the party to whom it is being made.
(c) State with particularity the amount offered to settle a claim for punitive damage, if any.
(d) State its total amount.

The offer shall be construed as including all damages which may be awarded in a final judgment. [Emphasis added.]
In Williams v. Brochu, 578 So.2d 491 (Fla. 5th DCA 1991), this court considered whether section 768.79 which provides that a defendant who has made an offer of judgment may recover costs and attorney fees if the judgment obtained is at least 25% less than the offer includes in the definition of "judgment obtained" taxable costs or attorney fees provided by statutes and rules which are taxable by the court incidental to the jury's consideration of an award for damages. The defendant in Williams argued that because the Offer of Judgment did not indicate that the $2,000 offer was not inclusive of costs and because offers should be strictly construed against the offeror, the Offer of Judgment must be understood to be inclusive of costs. This court declined to accept the defendant's interpretation of the statute, holding:
[T]hat the statutory term "judgment obtained" means the amount of the judgment for damages awarded by the jury for the cause of action being tried and does not include taxable costs or attorney's fees provided by statutes and rules which are taxable by the court incidental to the jury's consideration of an award for damages. Perhaps the difference is between the concept of an offer to settle as opposed to the concept of an "offer of judgment." An offer to settle would be more inclusive resolving all matters for one stated sum whereas a plaintiff, accepting an Offer of Judgment (for damage claims) would still be entitled to an award of taxable costs under section 57.041, Florida Statutes.
Id. at 493.
Section 768.79 states that an offer should be construed as including all damages "which may be awarded in a final judgment." We held in Williams that the "judgment obtained" language in the statute does not include taxable costs which are incidental to a jury's consideration of a damage award; therefore, we now hold that the failure to state claimed cost in a dollar amount does not invalidate an otherwise valid offer of judgment.
REVERSED and REMANDED for the imposition of a reasonable attorney's fee.
COWART, J., and JOHNSTON, L.V., III, Associate Judge, concur.