693 So.2d 133 (1997)
Irving KAUFMAN, Appellant,
v.
Caretia W. SMITH, Appellee.
No. 96-0400.
District Court of Appeal of Florida, Fourth District.
May 14, 1997.
Richard A. Sherman and Rosemary B. Wilder of the Law Offices of Richard A. Sherman, P.A., and Cindy Shatkin Avidan of the Law Offices of Ponzan & Avidan, Fort Lauderdale, for appellant.
Douglas P. Johnson, Fort Lauderdale, for appellee.
KLEIN, Judge.
Appellant, a defendant in an accident case, made one offer of judgment prior to the initial trial, and a second offer after an appeal, both of which were rejected by plaintiff. The jury awarded plaintiff an amount which would make her liable for attorney's fees and costs under the first offer of judgment, but not under the second. We conclude that the first offer was still in effect, and that the defendant is entitled to attorney's fees and costs under the first offer.
Defendant's first offer of judgment, in the amount of $50,000, was served in January 1994. Plaintiff was awarded $3,000 in damages by the jury and appealed, obtaining a reversal for a new trial on the ground that the verdict was grossly inadequate. Smith v. Kaufman, 654 So.2d 1299 (Fla. 4th DCA 1995).
After remand, defendant made a second offer of judgment, in the amount of $20,000, in September 1995. Plaintiff once again rejected the offer, and the second jury returned a verdict for $30,000. That verdict was more than 25% less than the first offer of $50,000, and defendant moved to tax attorney's fees and costs pursuant to section 768.79(1), Florida Statutes (1991). The trial court denied the motion, concluding that the initial offer was no longer valid because of the appeal.
In Cheek v. McGowan Electrical Supply Co., 511 So.2d 977 (Fla.1987) the Florida Supreme Court held that an offer of judgment made before a first trial and an appeal is still effective in subsequent proceedings. Cheek involved an offer of judgment under Florida Rule of Civil Procedure *134 1.442, the predecessor to section 768.79; however, there is no reason why Cheek should not apply here.
Plaintiff argues that the second offer of judgment made by defendant was a revocation of the first offer; however, she cites no authority to support her argument.[1] A similar fact situation existed in Williams v. Brochu, 578 So.2d 491 (Fla. 5th DCA 1991), and the court held that defendant's second offer did not affect the first offer. The court observed that section 768.79 "puts no limitations on the number of offers or demands for judgment which can be made." Id. at 494. Section 768.79(2) was amended after Williams and now provides that "[t]he making of an offer of settlement which is not accepted does not preclude the making of a subsequent offer."
Plaintiff's argument that the second offer revoked the first offer overlooks the fact that the first offer, once the plaintiff failed to accept it within the statutory time period, was no longer merely an offer. Once that period expired the defendant acquired a statutory right to recover attorney's fees and costs in the event the judgment was below a certain amount. Plaintiff no longer had the ability to accept that offer, nor could she have done anything unilaterally to make it ineffective. The legislature did provide in section 768.79(5) that if an offer of judgment is withdrawn prior to a written acceptance, it is void. It would have been a simple matter for the legislature to have also provided that a subsequent offer makes a prior offer void. It did not, however, and we cannot read that into the statute.
We therefore follow Williams and conclude that where, as here, plaintiff rejects both offers, the first offer remains in effect.[2] We reverse the cost judgment entered in favor of plaintiff and remand for further proceedings.
WARNER, J., concurs.
HAZOURI, FREDERICK A., Associate Judge, concurs specially with opinion.
HAZOURI, FREDERICK A., Associate Judge, concurring specially.
I agree that existing case law compels our decision that the trial court erred in denying appellant's "offer of judgment" fees. There is no dispute that an offeror may make subsequent offers, as the recent amendment to section 768.79(2) makes clear. The question is what effect the subsequent offer has on the prior offer. The statutes are silent on this. My concern is over the potential abuse if a party were to make progressively lower offers. An offer of judgment is intended to be used as a tool to encourage settlement not a tool of intimidation. This is an area which should be clarified by statute. Perhaps the solution would be that each subsequent offer, whether higher or lower than its predecessor, voids the prior offer.
NOTES
[1] We are not sympathetic to the suggestion by the plaintiff that the second offer put her in a quandary as to the validity of the first offer. The defendant sent plaintiff a cover letter with the second offer, explaining that it did not negate the first offer, and that defendant intended to move for fees and costs if plaintiff did not beat the first offer. We would have arrived at the same conclusion if defendant had not put this information in the cover letter; however, we commend counsel for making defendant's intent clear. We do not mean to suggest that parties can vary the provisions of the statute or the case law with such a letter; however, the letter did serve the purpose of letting the plaintiff know the position defendant would take.
[2] No inference should be drawn from this opinion that we would have decided that the first offer would still have been effective if plaintiff had accepted the second offer.