PER CURIAM.
We affirm the final judgment under review. With regard to the appellees’ motion for appellate attorney’s fees, pursuant to sections 768.79(1) and 59.46, Florida Statutes (1995), the fees sought are granted.
In the case of Metropolitan Dade County v. Cerezo, 21 Fla. L. Weekly D984, — So.2d -[1996 WL 195022] (Fla. 3d DCA April 24, 1996), we considered this issue and wrote an opinion. That opinion never became final because the appeal was subsequently dismissed.[1] Nonetheless, the observations made therein are totally applicable and appropriate to the facts of this case and are reproduced below, in relevant part:
We write only to address the appellee’s motion to tax attorney’s fees, pursuant to *533 section 768.79, Florida Statutes (1989), and to note that we align ourselves with the First, Second, Fourth and Fifth District Courts of Appeal, and grant the appellee’s motion for appellate attorney’s fees and costs based on sections 768.79(1) and 59.46, Florida Statutes (1989). See Westfield Ins. Co. v. Mendolera, 647 So.2d 223 (Fla. 2d DCA 1994); Mark C. Arnold Constr. Co. v. National Lumber Brokers, Inc., 642 So.2d 576 (Fla. 1st DCA 1994); Schmidt v. Fortner, 629 So.2d 1036, 1043 n. 10 (Fla. 4th DCA 1993); Williams v. Brochu, 578 So.2d 491, 495 (Fla. 5th DCA 1991). Thus, we remand the cause to the trial court to determine the appropriate amount of the award and enter a judgment awarding fees to the appellee.
Cerezo, 21 Fla. L. Weekly at D984, — So.2d at-.
Accordingly, we grant the appellees’ motion for appellate attorney’s fees and remand this cause for further proceedings consistent with this opinion.
Affirmed; attorney’s fees granted and remanded.

. The opinion in Cerezo never became final and has never been released for publication in the permanent law reports because after the opinion was issued, but before the time for rehearing expired and the mandate issued, the parties filed a joint stipulation of dismissal. This Court recognized the stipulation and dismissed the appeal. See Metropolitan Dade County v. Cerezo, 674 So.2d 138 (Fla. 3d DCA 1996).