712 So.2d 817 (1998)
Carl W. HARTLEY, Jr., et al., Appellants,
v.
Douglas M. GUETZLOE, et al., Appellees.
No. 97-2565.
District Court of Appeal of Florida, Fifth District.
July 2, 1998.
*818 Todd K. Norman of Hartley & Wall, Orlando, for Appellants.
Frederic B. O'Neal, Windermere, for Appellees.
PER CURIAM.
Carl W. Hartley and Richard F. Wall appeal the trial court's denial of attorney's fees after they requested an award pursuant to section 768.79, Florida Statutes (1995). Hartley and Wall obtained a judgment more than 25% greater than the amount demanded in their offer of judgment.
An award of attorney's fees is mandatory under section 768.79, where the requirements of the statute are met, unless the trial court determines the offer was not made in good faith. TGI Friday's, Inc. v. Dvorak, 663 So.2d 606 (Fla.1995); Schmidt v. Fortner, 629 So.2d 1036 (Fla. 4th DCA 1993).
Here, there was no finding that the appellants' offer of judgment was not made in good faith. Instead, the reason for the denial of the motion for attorney's fees was because the questions of fact and law were extremely close. We find this an improper basis on which to deny the motion for attorney fees. See Puleo v. Knealing, 654 So.2d 148 (Fla. 4th DCA 1995) (because there has been no finding that appellants' offer of judgment was not made in good faith, trial court's denial of appellants' motion to tax attorney's fees and costs must be reversed, as it improperly applied a "reasonableness of rejection" standard in determining whether the appellants were entitled to an award of attorney's fees pursuant to section 768.79), approved 675 So.2d 593, 595 (Fla.1996).
The appellants' motion for appellate attorney's fees and costs is also granted. §§ 59.46 & 768.79(1), Fla. Stat. (1995); Williams v. Brochu, 578 So.2d 491, 495 (Fla. 5th DCA 1991). We reverse and remand so that the trial court can determine the appropriate amount of reasonable attorney's fees to be assessed.
REVERSED and REMANDED.
COBB, GOSHORN and PETERSON, JJ., concur.