PETERSON, J.,
dissenting.
I believe that the trial court erred in determining that Ray Jacobsen and Allstate Insurance Company (“Allstate”),[1] the appellants and the defendants below, were not entitled to attorney’s fees and costs pursuant to section 768.79, Florida Statutes (1995), the offer of judgment statute.
Driving a pick-up truck, the appellee, Linda Trussell, entered Interstate 75 at the State Road 40 interchange near Ocala. Jacobsen, driving a motor home, was in the right lane of 1-75 when Trussell merged into the lane in front of him; Ja-cobsen slowed down to allow her to enter and accelerate. Instead, Trussell suddenly came to a complete stop[2] in order to avoid hitting a dog that crossed the interstate in front of her. Jacobsen applied his brakes, but was unable to completely stop before hitting Trussell’s truck. The damage to both vehicles was minor. Trussell was wearing her seatbelt and indicated at the accident scene that she did not require medical attention.
Approximately one and one-half months after the accident, Trussell consulted with a plastic surgeon because of problems she was experiencing with her breast implants. In her suit against Jacobsen, Trussell claimed that as a result of the accident, her breast implants had ruptured. The implants were 20 years old and had been constructed with thin wall technology. Expert testimony was presented that similar implants had a failure rate of 95% within the first 20 years of use, even in the absence of trauma. Trussell also asserted that she experienced occasional neck and back pains as a result of the accident but acknowledged in her deposition that she sought medical attention primarily for the rupture.
Within a month after Trussell and her husband initiated this action for damages, Allstate made an offer of judgment for $101. Approximately one year later, it made another offer in the same amount. Jacobson also made an offer of $1,000.
Ultimately, the jury returned a verdict for the appellants. The appellants then *670 sought attorney’s fees and costs pursuant to their offers of judgment. The trial court refused the request for fees on the basis that the offers (1) were nominal offers; (2) made merely to lay a predicate for a future award of attorney’s fees and costs; and (3) failed to bear a reasonable relationship to the amount of damages and a realistic assessment of liability. The trial court also noted that it was of the opinion that Trussell had prevailed when the jury began its deliberations.
Explaining the reason for the early and small offers of judgment, the appellants argued that both occupants of the Jacob-sen vehicle saw Trussell completely stop her vehicle on 1-75 after driving onto to it from the SR 40 ramp, and that a very high probability existed that Trussell’s 20 year old implants failed naturally and were not ruptured by the accident. Allstate further rationalized that Jacobsen had a $100,000 liability policy and it was unlikely that Trussell’s damages would exceed that amount and thereby trigger Allstate’s uninsured/underinsured coverage.
The fact that an offer is nominal does not necessarily indicate that the offeror lacked reasonable grounds to support a good faith offer of judgment. The mere belief that a figure offered will not be accepted does not necessarily suggest the absence of good faith where the amount of the offer is not so widely inconsistent with the known facts of the case. Peoples Gas System, Inc. v. Acme Gas Corp., 689 So.2d 292, 300-301(Fla. 3d DCA 1997), citing Schmidt v. Fortner, 629 So.2d 1036, 1040 (Fla. 4th DCA 1993). The offer must, however, be supported by a reasonable foundation, although this basis need not be supported by the “kind of quantum evidence needed to support a judgment.” Schmidt, 629 So.2d at 1039.
In State Farm Mutual Automobile Insurance. Co. v. Marko, 695 So.2d 874, 876 (Fla. 2d DCA 1997), for example, the second district found that an offer of $1.00 by the plaintiffs uninsured/underinsured motorist carrier was a statement by the carrier that it believed that the tort-feasor’s liability would not exceed the $50,000.00 policy limit and it should not have been joined in the litigation. In the instant case, Allstate, like State Farm, offered a nominal sum as a statement of its assessment of liability. Relying on the second district’s holding in Marko, this court similarly held in Weesner v. United Services Automobile Ass’n, 711 So.2d 1192 (Fla. 5th DCA 1998), rev. denied, 727 So.2d 914 (Fla.1999), that the $100 offer by the insured’s uninsured motorist carrier was a statement that it believed it had no liability under the facts of that case:
The $100 offer was a statement by USAA that it believed it had no liability and would ultimately prevail in the litigation. The fact that the offer of $100 was a nominal offer is not necessarily determinative of the issue of good faith.
Id. at 1194. See also Allstate Insurance Co. v. Silow, 714 So.2d 647, (Fla. 4th DCA 1998).
When determining whether a minimal offer of judgment was made in good faith, the trial court must look at whether the offer bears a reasonable relationship to the amount of damages suffered and a realistic assessment of liability. Evans v. Piotraczk, 724 So.2d 1210 (Fla. 5th DCA 1998), citing Eagleman v. Eagleman, 673 So.2d 946 (Fla. 4th DCA 1996); Weesner, 711 So.2d at 1194. Each case requires its own analysis. Fox v. McCaw Cellular Communications of Florida, 745 So.2d 330 (Fla. 4th DCA 1998) (nominal offers are suspect where they are not based on any assessment of liability and damages, then issue of good faith arises for resolution by the trial court). In the instant case, Ja-cobsen realistically believed that he should not incur liability when, after cautiously slowing his vehicle to allow another vehicle to merge ahead of him, the merging vehicle suddenly and unexpectedly came to a dead stop on an interstate highway.
Although an offeror is required to have a reasonable basis upon which to base its *671 offer, the trial court’s consideration of the reasonableness of the opposing party’s rejection of that offer has been expressly rejected by this court, as well as the Florida Supreme Court, as a determining factor of “good faith.” Knealing v. Puleo, 675 So.2d 593, 595 (Fla.1996); TGI Friday’s, Inc. v. Dvorak, 663 So.2d 606 (Fla.1995); Hartley v. Guetzloe, 712 So.2d 817 (Fla. 5th DCA 1998). Here, the trial court’s comments that it was not “surprised” that the plaintiffs rejected the defendants’ offers, and that it had anticipated a verdict for the plaintiffs, suggests that the trial court, at least in part, improperly utilized the “reasonableness of rejection” standard. Hartley at 818. After a prevailing party has obtained a judgment of no liability, a trial court cannot deny fees under the offer of judgment statute on the grounds that the “questions of law and fact were extremely close.” Id. Assessment of the reasonableness of the offers should be made as of the time the offers were made.
I believe that both defendants’ offers were served in good faith, even though they were nominal offers intended to invoke the attorney’s fees and costs provisions of the offer of judgment statute. It is axiomatic that the right to attorney’s fees is the reason why offers of judgment are served in the first instance. The third district aptly described the reasoning behind the statute in Lieff v. Sandoval, 726 So.2d 335 (Fla. 3d DCA 1999):
The trial court’s second (and final) reason given for the denial is a finding that Lieff served the offer for the sole reason of creating a right to attorney’s fees if the offer was not accepted by Sandoval. The creation of the right to attorney’s fees is the reason, or among the reasons, why any litigant makes an offer under section 768.79. It is the carrot held out by the statute to encourage early settlements. If we were to conclude that it is bad faith to utilize section 768.79 to obtain the right to attorney’s fees, then the legislative inducement, the reason section 768.79 exists, disappears into a judicial black hole.
A nominal offer also communicates to the plaintiff that it needs to reassess the merits of its case in light of the defenses asserted. Acceptance of a nominal offer allows a plaintiff with a tenuous case to escape unscathed. Based upon the reasons placed in the trial court’s order, it appears that the trial court abused its discretion when it denied the defendants’ motions for fees and costs. In my view, the reasons set forth in the trial court’s order do not support the denial. I would reverse and remand for a determination of reasonable fees and costs.

. Allstate was Linda Trussell’s uninsured/un-derinsured motorist provider. Jacobson, the motorist that hit Trussell, had $100,000 in liability coverage.

. Trussell says that she never stopped, that the dog was sitting on the center line between two open lanes of traffic.