833 So.2d 788 (2002)
MOTTER ROOFING, INC., Petitioner,
v.
Brian LEIBOWITZ, and Terry Leibowitz, his wife, Respondents.
No. 3D01-2601.
District Court of Appeal of Florida, Third District.
March 13, 2002.
*789 H. Hugh McConnell, Coral Gables, for appellant.
Randy D. Ellison (West Palm Beach), for appellees.
Before JORGENSON, GERSTEN, and SORONDO, JJ.

CONFESSION OF ERROR
PER CURIAM.
We reverse the order denying appellate attorney's fees based upon the respondent's proper confession of error. Section 768.79(1), Florida Statutes (2001), provides for mandatory recovery of reasonable costs and attorney's fees by a plaintiff who has prevailed upon the merits, providing the plaintiff has complied with the requirements of the statute. See Hartley v. Guetzloe, 712 So.2d 817 (Fla. 5th DCA 1998).
This Court, along with all district courts in Florida, has ruled that Section 768.79 also applies to fees incurred on appeal. See Lantigua v. Lopes, 696 So.2d 532 (Fla. 3d DCA 1997); Mark C. Arnold Constr. Co. v. Nat'l Lumber Brokers, Inc., 642 So.2d 576 (Fla. 1st DCA 1994); Westfield Ins. Co. v. Mendolera, 647 So.2d 223 (Fla. 2d DCA 1994); Schmidt v. Fortner, 629 So.2d 1036 (Fla. 4th DCA 1993); Williams v. Brochu, 578 So.2d 491 (Fla. 5th DCA 1991). Under Sections 768.79 and 59.46, Florida Statutes (2001), attorney's fees are not discretionary. See Noble v. Martin Mem'l Hosp. Ass'n, Inc., 710 So.2d 567 (Fla. 4th DCA 1997), review denied, 718 So.2d 169 (Fla.1998). Thus, the circuit court, sitting in its appellate capacity, departed from the essential requirements of law by denying the petitioner's request for appellate attorney's fees. See Disney v. Vaughen, 804 So.2d 581 (Fla. 5th DCA 2002).
Accordingly, we grant the petition for certiorari and reverse that portion of the order pertaining to appellate attorney's fees. This case is remanded for determination of fees for all appellate proceedings.
Certiorari granted; reversed in part and remanded.