# Third District Court of Appeal

## State of Florida

Opinion filed January 17, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2237
Lower Tribunal No. 18-6862
_____

**SDG Dadeland Associates, Inc., et al.,**
Appellants,

vs.

**Kenya Arias,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Bleakley Bavol Denman & Grace, P.A., and Robert Bleakley, R.G. (Mack) McCormick, Jr., and Richard W. Ervin, IV (Tampa), for appellants.

Goldberg & Rosen, P.A., and Judd G. Rosen and Kent Burlington, for appellee.

Before FERNANDEZ, SCALES and MILLER, JJ.

SCALES, J.

Appellants SDG Dadeland Associates, Inc. ("Dadeland") and Nationwide Janitorial Services, Inc. ("Nationwide Janitorial") – defendants below in this slip and fall case brought by appellee Kenya Arias, the plaintiff below – appeal a November 28, 2022 final order denying their motion for attorney's fees under section 768.79 of the Florida Statutes. The trial court denied appellants' fee motion after concluding that their January 17 and March 6, 2020 joint proposals for settlement were ambiguous. Because appellants' January 17 joint proposal precisely tracks the requirements of section 768.79 and Florida Rule of Civil Procedure 1.442, and is otherwise unambiguous, we reverse the trial court's ambiguity determination,[1] determine that the joint proposal is valid, and remand for further proceedings.

## I.   RELEVANT FACTS AND PROCEDURAL BACKGROUND

---

[1] The trial court made the same ambiguity findings as to both the January 17 and March 6 proposals.  Arias also argues that appellants' March 6 proposal was ambiguous for an additional reason – i.e., that the general release attached to the March 6 proposal is inconsistent with the language contained within that proposal. Because we conclude that the January 17 proposal is unambiguous, we need not, and therefore do not, express any opinion regarding Arias's inconsistency argument directed at appellants' March 6 proposal. See § 768.79(1), Fla. Stat. (2020); Kaufman v. Smith, 693 So. 2d 133, 134 (Fla. 4th DCA 1997) ("Where . . .  plaintiff rejects both offers, the first offer remains in effect.");Williams v. Brochu, 578 So. 2d 491, 494 (Fla. 5th DCA 1991), abrogated on other grounds by White v. Steak & Ale of Fla., Inc., 816 So. 2d 546 (Fla. 2002) ("[Section 768.79] puts no limitations on the number of offers or demands for judgment which can be made within the time limitations contained in the statute.").

In February 2017, Arias allegedly slipped and fell on a transitory foreign substance while walking through the Dadeland Mall in Miami, Florida. In March 2018, Arias filed the instant action in the Miami-Dade County circuit court alleging separate claims of direct negligence against the owner of the mall (Dadeland) and the entity hired by Dadeland to provide maintenance services at the mall (Nationwide Janitorial). Appellants were represented by the same defense counsel throughout the lower proceedings.[2]

The matter proceeded to trial in May 2022, with the jury rendering a verdict in appellants' favor. In June 2022, appellants moved for section 768.79 attorney's fees based on their January 17, 2020 joint proposal for settlement that provided, in relevant part, as follows:

### 3. The Applicable Claims

The claims this Proposal for Settlement attempts to resolve are all claims asserted by the Plaintiff, KENYA ARIAS, against Defendants, SDG DADELAND ASSOCIATES, INC. & NATIONWIDE JANITORIAL SERVICES, INC., in the operative complaint in Eleventh Judicial Circuit case no. 2018-006862-CA-01 (*i.e.*, the above-styled cause and the action in which the instant proposal is being served). As specified in Fla. R. Civ. P. 1.442(c)(2)(B), this Proposal for Settlement resolves all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served.

---

[2] The service contract between appellants contained an indemnification clause whereby Nationwide Janitorial agreed to defend, indemnify and hold Dadeland harmless from any and all claims brought by a third-party against Dadeland in any way relating to or resulting from Nationwide Janitorial's performance under the service contract.

### 4. Relevant Conditions

This Proposal for Settlement is conditioned on Plaintiff, KENYA ARIAS, voluntarily dismissing, with prejudice, the entirety of Eleventh Judicial Circuit case no. 2018-006862-CA-01 as to all Defendants.

### 5. Total Amount of Proposal

The total amount of this Proposal for Settlement is Five Thousand Dollars ($5,000.00). Regarding the amounts attributable to each Defendant, and pursuant to Fla. R. Civ. P. 1.442(c)(3), this joint proposal shall be: (a) a contribution of Five Thousand Dollars ($5,000.00) from NATIONWIDE JANITORIAL SERVICES, INC.; and (b) a contribution of Zero Dollars ($0.00) from SDG DADELAND ASSOCIATES, INC. Except as otherwise described herein, this Proposal for Settlement has no remaining non-monetary terms.

On September 21, 2022, appellants' fee motion was heard on the trial court's five-minute motion calendar, at which Arias argued that appellants' joint proposal was ambiguous and that appellants had served their proposal in bad faith. At the hearing, the trial court orally announced disagreement with Arias on both grounds and that appellants were entitled to section 768.79 attorney's fees.

Prior to the trial court's entering a written order granting appellants' fee motion, though, Arias filed a motion below asking the trial court to reconsider its ambiguity determination and seeking an evidentiary hearing on Arias's claim that the proposal was made in bad faith. Apparently persuaded by

4

Arias's reconsideration motion, on November 28, 2022, the trial court entered the challenged final order denying appellants' fee motion, finding therein that appellants' joint proposal was ambiguous. The next day, the trial court entered an order denying as moot Arias's reconsideration motion; thus, the trial court never reached Arias's bad faith claim. Appellants timely appealed the November 28, 2022 fee entitlement order.

## II. ANALYSIS[3]

The trial court's order concluded that appellants' joint proposal was ambiguous for the proposal's failure to (i) "provide a timeframe for payment" of the settlement amount once Arias accepted the proposal, and (ii) "state that a judgment would be entered in the amounts offered." In this appeal, as below, Arias argues further that the joint proposal was ambiguous because, if Arias accepted the proposal, Dadeland would pay none of the $5,000 settlement offer, thus making it (i) unclear whether Arias's acceptance of the proposal extinguished Arias's negligence claim against Dadeland, and (ii) an illusory offer that was unenforceable for lack of consideration. We address each argument in turn.

### A. Timeframe for Payment of Settlement Amount

---

[3] We review *de novo* a trial court's determination that a proposal for settlement is ambiguous. See Kuhajda v. Borden Dairy Co. of Ala., LLC., 202 So. 3d 391, 393-94 (Fla. 2016).

When determining whether a proposal for settlement is valid, and therefore enforceable, the courts look to whether the proposal is sufficiently clear and definite in meeting with the requirements of section 768.79 (the substantive statute authorizing proposals for settlement) and Florida Rule of Civil Procedure 1.442 (the procedural rule governing proposals for settlement). See Anderson v. Hilton Hotels Corp., 202 So. 3d 846, 853 (Fla. 2016). The court must conduct this analysis without "nitpicking" in search of an ambiguity. Id. Only those ambiguities that "could reasonably affect the offeree's decision" to accept a settlement proposal will render a proposal invalid. Id. (quoting State Farm Mut. Auto. Ins. Co. v. Nichols, 932 So. 2d 1067, 1079 (Fla. 2006)).

Here, Arias suggests that appellants' joint proposal was ambiguous because it was silent as to when Arias would receive the settlement funds if she accepted the proposal. Arias concedes, though, that neither section 768.79 nor rule 1.442 expressly requires that a settlement proposal from a defendant to a plaintiff contain such a provision. Further, Arias cites to no authority for the proposition that a proposal's failure to include a timing provision somehow renders the proposal ambiguous. Arias, rather, makes the abstract argument that the omission of a date certain as to when the settlement proceeds will be paid results in an inherent ambiguity because,

6

theoretically, the offeree could accept an offer to resolve the litigation but never receive the proceeds. We disagree.

Appellants' joint proposal was conditioned upon Arias dismissing her lawsuit with prejudice, which, from a practical perspective, would occur only when and if the settlement proceeds were paid by appellants. To this end, we note that section 768.79 and rule 1.442 specifically contemplate enforcement proceedings where a settlement proposal is accepted – thus creating a binding contract – and a party to the agreement breaches an obligation thereunder. See § 768.79(4), Fla. Stat. (2020) ("Upon filing of both the offer and acceptance, the court has full jurisdiction to enforce the settlement agreement."); Fla. R. Civ. P. 1.442(i) ("Evidence of a proposal or acceptance thereof is admissible only in proceedings to enforce an accepted proposal or to determine the imposition of sanctions."); see also Suarez Trucking FL Corp. v. Souders, 350 So. 3d 38, 41 (Fla. 2022) ("Once a proper acceptance – that is, an unqualified acceptance – is filed as specified in the statute, that's it: a settlement contract has been entered to resolve the litigation. All that remains is for performance of the settlement terms to be carried out.").

Arias suggests no practical reason why, in this case, the omission in appellants' joint proposal of a payment date in any way complicated, or

interfered with, her decision to reject their proposal. We, therefore, conclude that appellants' omission of the payment date in the joint proposal created no ambiguity and did not render the proposal invalid.

*B. Entry of Judgment*

Citing to Harris v. Tiner, 336 So. 3d 1238 (Fla. 2d DCA 2022), the trial court found that appellants' joint proposal was invalid because it contained no language providing for the entry of judgment in the settlement amount offered by appellants. It appears, though, that the trial court misconstrued Harris to require a defendant offeror's proposal to contain language consenting to a judgment being entered against the defendant offeror.

Harris concluded plaintiff Tiner's proposal – that "stated simply that its amount was $100,000" – was "fatally amorphous" because the proposal "did not clearly and definitely set forth terms that would permit [the co-defendants] to make an informed decision without needing clarification." Id. at 1240-41. Specifically, Tiner's proposal "did not demand that [the co-defendants] consent to a judgment in that amount, as contemplated in section 768.79(1), nor did it require them to pay that sum . . . nor obligate Tiner to dismiss his claims upon receipt of payment." Id. at 1240-41.

We do not read Harris as requiring a proposal from a defendant offeror to consent to a judgment. Rather, we read the Harris court's reference to

8

Tiner's proposal not demanding the co-defendants "consent to a judgment" as merely illustrating the amorphous nature of Tiner's proposal. Because Tiner's proposal failed to prescribe, with *any* specificity, the parties' obligations, the proposal was invalid for it could not have been accepted without judicial interpretation. Id. at 1241.

Appellants' joint proposal suffered from no such infirmities. It was crystal clear that, in exchange for a $5,000 settlement payment, Arias must dismiss her entire lawsuit with prejudice. Thus, if Arias had accepted appellants' proposal and dismissed her lawsuit, no judgment would have been entered and no judicial interpretation would have been required. Because appellants' joint proposal was not required to contain any language providing for the entry of judgment in the amount of appellants' joint $5,000 settlement offer, the trial court erred in finding the proposal ambiguous on this basis.

*C. $0 Contribution from Dadeland*

Rule 1.442(c)(3) requires that a joint proposal state the amount and terms attributable to each party.[4] Consistent with the rule – and the

---

[4] Rule 1.442(c)(3) reads in its entirety as follows: "A proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal. A joint proposal shall state the amount and terms attributable to each party."

9

indemnification provision contained in appellants' service agreement – appellants' joint proposal stated the amounts of the joint settlement proposal attributed to each party.

Notwithstanding the plain language of rule 1.442(c)(3), Arias gives two reasons why the joint proposal's $0 apportionment to Dadeland purportedly renders the proposal ambiguous. Arias first argues that, because Dadeland would not be responsible for paying any of the $5,000 settlement proceeds to Arias, the status of Dadeland as a defendant would be in question if Arias had accepted the proposal. This argument is without merit. Paragraph 4 of the joint proposal plainly and unambiguously conditioned Arias's acceptance of the proposal on her "dismissing with prejudice, the entirety of" the case "as to all Defendants." Hence, there was no confusion or doubt: if Arias had accepted the joint proposal, she was then required to dismiss her claims against both Dadeland and Nationwide Janitorial with prejudice.

Arias's second argument is more nuanced. Arias suggests that because Dadeland would not be contributing to the $5,000 settlement payment, the joint proposal made an illusory offer to enter into an agreement that was unenforceable for lack of consideration. This argument, though, misconstrues the joint proposal framework of rule 1.442, which expressly contemplates and authorizes co-defendants to make a joint settlement

10

proposal to a plaintiff so long as the proposal states the amount and terms attributable to each party and otherwise complies with rule 1.442.

Appellants' joint proposal strictly complied with rule 1.442(c)(2)(D)'s dictates by providing that the total settlement amount offered to Arias was $5,000,[5] and appellants' proposal strictly complied with rule 1.442(c)(3) by allocating the settlement amount between the joint offerors – $5,000 to be paid by Nationwide Janitorial and $0 to be paid by Dadeland. Not only did the proposal comply with rule 1.442, but the allocation was sensible in light of appellants' indemnity agreement. Arias, though, suggests that, notwithstanding the rule and appellants' indemnity agreement, in order for the joint proposal to be valid, the proposal should have made Dadeland responsible for paying *some* amount of the $5,000 settlement figure. We decline Arias's invitation to read rule 1.442(c)(3)'s attribution requirement as effectively rendering joint proposals for settlement unavailable to parties to indemnity agreements.[6]

---

[5] Fla. R. Civ. P. 1.442(c)(2)(D) provides that "[a] proposal shall . . . state the total amount of the proposal."

[6] We note that, had Arias alleged that Dadeland was merely vicariously, technically or derivatively liable for Nationwide Janitorial's alleged negligent acts, then rule 1.442(c)(3)'s attribution requirement would not have applied and Arias's acceptance of the joint proposal would have been "without prejudice to rights of contribution or indemnity." See Fla. R. Civ. P. 1.442(c)(4). We do not accept the incongruent notion that a joint proposal

11

Indemnified parties should not have to waive their entitlement to indemnification in order to avail themselves of the substantive rights provided to litigants under section 768.79. We, therefore, decline to adopt Arias's argument that, as a matter of law, a joint offer accurately reflecting that an indemnified offeror is not contributing to the joint settlement offer is invalid.[7]

## III.    REMAND

We reverse the trial court's November 28, 2022 fee entitlement order that determined appellants' January 17, 2020 joint proposal was ambiguous and, therefore, invalid. Further, a trial court must enforce a valid proposal for settlement unless the trial court finds that the offeree has met its evidentiary burden of establishing that the proposal was not made in good faith. See § 768.79(7)(a), Fla. Stat. (2020); Fla. R. Civ. P. 1.442(h)(1); Segundo v. Reid, 20 So. 3d 933, 936-37 (Fla. 3d DCA 2009). Because of its erroneous finding of invalidity, the trial court never reached Arias's claim in this case that

---

made by a vicariously liable co-defendant – who contributes nothing toward a settlement offer – is valid, while an identical joint proposal made by an indemnified co-defendant – who also contributes nothing toward a joint offer – is automatically invalid.

[7] Nothing in this opinion should be construed as generally favoring a $0 proposal for settlement offer. Our holding is that an otherwise valid joint proposal for settlement is not rendered invalid simply because one of the joint offerors is indemnified by the other joint offeror and, by virtue of the indemnity agreement, is not contributing to the joint settlement offer amount.

appellants' joint proposal was not made in good faith. Therefore, on remand the trial court may conduct whatever proceedings it deems appropriate to adjudicate Arias's claim that appellants made their joint proposal in bad faith.[8]

Reversed and remanded with instructions.

---

[8] We express no opinion on Arias's bad faith claim.