595 So.2d 272 (1992)
Cory P. STEWART, Appellant,
v.
PROGRESSIVE AMERICAN INSURANCE COMPANY, Appellee.
No. 91-1364.
District Court of Appeal of Florida, First District.
March 16, 1992.
*273 Erick M. Drlicka and Matt E. Dannheisser, Emmanuel, Sheppard, & Condon, Pensacola, for appellant.
Thomas R. Jenkins, Beggs & Lane, Pensacola, for appellee.
ALLEN, Judge.
The appellant challenges an order granting the appellee's motion to strike the appellant's request for sanctions under Florida Rule of Civil Procedure 1.442, and various offers of judgment filed in connection with the request for sanctions. Because one of the offers of judgment satisfies the requirements of rule 1.442(h)(1)(B)(ii), we conclude that the court should not have granted the motion to strike as it relates to this offer, and should have considered the request for sanctions.
After the appellant filed an action against the appellee for uninsured motorist benefits, he served several offers of judgment within the time required by rule 1.442(b). The appellee did not accept these offers, and the action proceeded to trial. The appellant obtained a jury verdict in excess of the policy limit, and the court then entered a final judgment by which the appellant was awarded damages at the policy limit of $10,000.
Rule 1.442(h)(1)(B)(ii) authorizes the court to impose sanctions when the damages awarded are more than 125% of a refused offer to accept payment. The appellant contends that his initial offers for $10,000 meet this criteria because the jury verdict was more than 125% of the offers. But the rule contemplates sanctions upon a disproportionate judgment, see The Florida Bar Re Amendment to Rules of Civil Procedure, Rule 1.442 (Offer of Judgment), 550 So.2d 442 (Fla. 1989), and the "damages awarded" are properly measured by the judgment.
Alternatively, the appellant contends that the offer may be compared to the total amount of the judgment, including the assessment of costs. However, costs are merely an incident of the actual damages, rather than damages in themselves. See generally, River Road Const. Co. v. Ring Power Corp., 454 So.2d 38 (Fla. 1st DCA 1984). Although River Road involved a different factual context and an earlier version of rule 1.442, the court relied on the statutory allowance of costs as described in Golub v. Golub, 336 So.2d 693 (Fla. 2d DCA 1976). Golub establishes that costs are not a part of the damages claimed, and River Road adopted this theory to approve an allowance of costs in addition to the amount stated in an accepted offer. Insofar as costs are allowed as an incident of, and in addition to, the established damages, the assessment of costs should not be considered when the damages awarded are compared with the amount stated in the appellant's offer of judgment.
The appellant eventually served an offer of judgment for $6,500 plus taxable *274 costs "accrued as of the date of acceptance." The judgment awarding damages at the policy limit of $10,000 is more than 125% of this $6,500 offer. The appellee successfully maintained below that the inclusion of unspecified costs made the offer indefinite, so that it did not state the "total amount" as required under rule 1.442(c)(2). But, in accordance with River Road, any specification of costs would be unnecessary, and the appellant's reference to accrued costs may thus be considered surplusage. The $6,500 offer of judgment therefore comports with the requirements of rule 1.442. The court should have entertained the appellant's request for sanctions in connection with this offer. Accordingly, sanctions may be imposed if the appellant satisfies the additional conditions described in rule 1.442(h)(1)(A).
The challenged order is reversed and the cause is remanded.
SMITH and KAHN, JJ., concur.