FRANK, Judge.
Roy Persons sued Arnaldo Pelaez alleging that Pelaez failed in his contractual undertaking to repair and seal leaks, cracks, and holes that were causing water damage to Persons’ house. Pelaez was to remove and properly reinstall eight skylights in a new addition to the home and to repair any leaks in the premises occurring within two years from completion of the project. Persons paid Pelaez $9,000.00, the contract price, in June of 1984. By August, however, the house began to leak and Pelaez never remedied the problem.
After this action was instituted, Persons tendered an offer of judgment pursuant to section 45.061, Florida Statutes (1987), but Pelaez failed to respond within the 45-day limit prescribed in the statute. Persons prevailed in the trial and received a $11,-293.75 verdict. The court subsequently entered an amended final judgment in the amount of $15,881.61, which included the verdict amount, prejudgment interest and costs. Jurisdiction was retained to consider Persons’ motion for attorneys’ fees. After a hearing, the motion was denied, and Persons appealed.
The heart of Persons’ contention is that the trial court ignored the effect of prejudgment interest in determining the merits of the offer of judgment. With the addition of prejudgment interest, the judgment entered was 25 percent greater than the settlement offer rejected by Pelaez. Thus, according to section 45.061(2), such an offer “shall be presumed to have been unreasonably rejected by a defendant.” Once the court has determined that an offer was unreasonably rejected, the offeree is liable for sanctions in the form of attorneys’ fees.
The plain language of the statute and cases interpreting similar provisions compel the conclusion we reach. Section 45.-061 provides that:
For the purposes of this section, the amount of the judgment shall be the total amount of money damages awarded plus the amount of costs and expenses *510 reasonably incurred by the plaintiff or counter-plaintiff prior to the making of the offer for which recovery is provided by operation of other provisions of Florida law.
Prejudgment interest is an element of damages. Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985). In Phillips v. Parrish, 585 So.2d 1038 (Fla. 1st DCA 1991), the first district noted: “Since prejudgment interest is merely another element of damages, it is properly included in determining whether a judgment is so deficient as to activate the provisions of section 768.79, Florida Statutes.” See also Lee County v. Sager, 595 So.2d 177 (Fla. 2d DCA 1992) (“prejudgment interest is a part of the judgment in determining whether the award is below the level which activates entitlement to fees and costs pursuant to section 73.092(7), Florida Statutes (1987)”). This analysis is equally applicable to settlement offers under section 45.-061.
Accordingly, we reverse and vacate the order denying Persons’ motion for attorneys’ fees and remand for further proceedings consistent with this opinion.
DANAHY, A.C.J., and CURRY, CHARLES B., Associate Judge, concur.