702 So.2d 276 (1997)
CITY OF LIVE OAK, Florida, Appellant,
v.
Dorothy HARRIS, Appellee.
No. 97-1839.
District Court of Appeal of Florida, First District.
December 8, 1997.
*277 Julius F. Parker, Jr., Tallahassee, for Appellant.
W. Roderick Bowdoin of Darby, Peele, Bowdoin & Payne, Lake City, for Appellee.
PER CURIAM.
The City of Live Oak appeals a final judgment awarding Dorothy Harris attorney's fees in the amount of $55,235.00 after she was awarded damages of $32,580.35 in her negligence suit against the City. Fees were awarded pursuant to section 768.79, Florida Statutes (1995) because the damages awarded by the jury were more than 25% greater than her demand for judgment in the amount of $15,000. The City contends that, pursuant to subsection (8) of section 768.28, Florida Statutes (1995) governing the waiver of sovereign immunity, fees may not be awarded in excess of 25% of the judgment amount, or a total of $8,145.09. We agree and reverse.
As the court recognized in Hellmann v. City of Orlando, 634 So.2d 245, 246 (Fla. 5th DCA 1994), "the government controls absolutely how much it will pay in tort claim cases." Section 768.28(8) governs the award of fees against the sovereign in tort cases, and "we are bound by the statute limiting the award of attorney's fees." Id.
We acknowledge Harris' argument that section 768.79(1) was substantially reworded in 1990 to begin "In any civil action for damages filed in the courts of this state..." Ch. 90-119, § 48, Laws of Fla. Although Harris contends that this language requires section 768.79(1) to take precedence over any contrary statutory provision, her argument ignores the clear legislative intent expressed in section 768.71:
(1) except as otherwise specifically provided, this part applies to any action for damages, whether in tort or in contract ...
(3) if a provision of this part is in conflict with any other provision of the Florida Statutes, such other provision shall apply.
Therefore section 768.28(8) controls over section 768.79. See Kirkland v. Allstate Ins. Co., 655 So.2d 106 (Fla. 1st DCA 1995).
We sympathize with Harris' further argument that, in the event a plaintiff should become liable for attorney's fees in favor of the sovereign under section 768.79, the plaintiff would be responsible for the full amount of the fee, but that same plaintiff, in the event she prevails under section 768.79, would not be entitled to recover her full attorney's fees should they exceed 25% of the judgment. However, Harris' "remedy is in the legislature, not the courts." Hellmann, 634 So.2d at 246.
REVERSED and REMANDED with directions that the trial court enter an amended final judgment awarding attorney's fees in the amount of $8,145.09.
JOANOS and VAN NORTWICK, JJ., concur.
WOLF, J., concurs in result only.