707 So.2d 760 (1998)
ALLSTATE INSURANCE COMPANY, Appellant,
v.
Vonnie B. SUTTON, Appellee.
No. 97-00936.
District Court of Appeal of Florida, Second District.
January 9, 1998.
Rehearing Denied February 9, 1998.
Bonita Kneeland Brown of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for Appellant.
Joel S. Perwin of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, for Appellee.
FRANK, Acting Chief Judge.
Allstate Insurance Company has appealed from a final judgment awarding attorneys' fees and costs to Vonnie B. Sutton under section 768.79, Florida Statutes (1995). We affirm the order awarding fees and costs; however, we remand for the trial court to vacate that portion of the judgment providing for immediate execution. As will be shown, Mrs. Sutton's right to execute on the judgment is contingent upon an event that has not yet occurred and in fact might never occura judicial finding that Allstate acted in bad faith in its dealings with Mrs. Sutton.
Mrs. Sutton sued Allstate, her uninsured motorist carrier, as well as the owner and driver of the uninsured vehicle, after an automobile accident that injured her and killed her husband. Prior to trial, Mrs. Sutton issued to Allstate a demand for judgment in the total sum of $100,000, the limits of the uninsured motorist policy. That demand specifically tracked the statutory language of section 768.79, Florida Statutes (1995), stating that, in the event the demand was not accepted, "Plaintiff will be entitled to reasonable costs and attorney's fees incurred from the date of service of this demand where Plaintiff `recovers final judgment' greater than 25% of this demand."
The jury's verdict awarded Mrs. Sutton damages of more than $300,000 for bodily injury and $92,000 for the emotional distress she suffered from witnessing her husband's injuries. Allstate then filed a post-trial motion for judgment to conform to policy limits of $100,000. Mrs. Sutton filed her own motion for attorneys' fees and costs under section *761 768.79, contending that the fee provision of the statute was triggered because the verdict was greater than 125% of her demand. After a hearing, the court conformed the judgment to the policy limits without objection by Mrs. Sutton's counsel. Allstate thereupon argued that Mrs. Sutton was not entitled to fees under section 768.79 because the final judgment entered against it was the same amount as the demand$100,000. Mrs. Sutton's counsel, however, contended that a bad faith claim against Allstate for its failure to settle for the policy limits would be filed. Upon a finding of bad faith, section 768.79 would be triggered and Mrs. Sutton would be entitled to fees. Ultimately, the trial court entered a second amended final judgment against Allstate on its liability of $100,000, reserving jurisdiction to determine entitlement to attorneys' fees and costs pursuant to the demand for judgment. Allstate appealed; the judgment was affirmed; and Allstate satisfied the $100,000 judgment.
After conclusion of the appeal, the trial court entertained the plaintiff's motion for attorneys' fees and costs. The trial court conducted an extensive hearing and ultimately awarded Mrs. Sutton attorneys' fees in an amount over $200,000 and approximately $30,000 in costs. The court also denied the plaintiff's motion to amend the complaint to allege bad faith, without prejudice to the filing of a separate action. At the time of this appeal, Mrs. Sutton was pursuing her bad faith claim in federal court. After Allstate's motion for rehearing, the trial court entered an amended order that, among other things, contained the following words of finality: "The defendant, Allstate Insurance Company, shall pay the attorney's fees and costs within twenty (20) days of the date of this order."
In this appeal Allstate argued that, at a minimum, the trial court's award of fees and costs was premature. Mrs. Sutton's attorney essentially agreed with that premise. For the purposes of a statute such as section 768.79, the damages that trigger the attorneys' fee portion are measured by the judgment rather than by the jury verdict, see Stewart v. Progressive American Insurance Co., 595 So.2d 272 (Fla. 1st DCA 1992), and the final judgment must be modified to limit the insurer's liability to the amount of its policy limits, see Dixie Ins. Co. v. Lewis, 484 So.2d 89 (Fla. 2d DCA 1986). An exception exists in the case of a judicial finding of bad faith on the part of the carrier. See Government Employees Ins. Co. v. Robinson, 581 So.2d 230 (Fla. 3d DCA 1991). In this case there has not yet been a bad faith finding. In fact, the bad faith litigation did not ensue until after the trial court had entered its fee and cost judgment.
Although we find no error in the trial court's determination of the amount of attorney's fees and costs, we do find that the trial court was without authority to require immediate payment of what is in essence a contingent judgment. Therefore, we remand this case for the trial court to modify the order to provide for execution once it has been judicially determined that Allstate acted in bad faith in refusing to settle this matter promptly. In the event that determination is not made, the final judgment must be vacated.
Affirmed in part, reversed in part, remanded for modification.
FULMER and WHATLEY, JJ., concur.