713 So.2d 1062 (1998)
CLINICA LOURDES, INC., etc., et al., Appellants,
v.
Carlos MIRO, Appellee.
No. 97-2892.
District Court of Appeal of Florida, Third District.
July 8, 1998.
Ruden, McClosky, Smith, Schuster & Russell and John H. Pelzer and William G. McCormick, Ft. Lauderdale, for appellants.
Waks & Barnett, Miami; Robert S. Glazier, Miami, for appellee.
Before SCHWARTZ, C.J., LEVY, J., and DAUKSCH, Associate Judge.
PER CURIAM.
The defendants below appeal from an order denying their application for attorneys' fees under § 768.79(2), Fla. Stat. (1995). While the plaintiff's recovery was less than the dollar amount of the defendants' unaccepted offer of settlement, the trial court ruled that the following provision of the "offer" rendered it unenforceably indefinite:
All issues relating to both parties' right to attorneys' fees shall be submitted to and determined by the Court if the offer is accepted.
*1063 We affirm on the controlling authority of State Farm Life Ins. Co. v. Bass, 605 So.2d 908 (Fla. 3d DCA 1992). See also McMullen Oil Co. v. ISS Int'l Serv. Sys., Inc., 698 So.2d 372 (Fla. 2d DCA 1997); Hartford Cas. Ins. Co. v. Silverman, 689 So.2d 346 (Fla. 3d DCA 1997), review denied, 707 So.2d 1124 (Fla.1998).[1]
Affirmed.
NOTES
[1] The appellants ask us to certify that this opinion and Bass are in conflict with Siedlecki v. Arabia, 699 So.2d 1040 (Fla. 4th DCA 1997), cause dismissed, 705 So.2d 7 (Fla.1997), review dismissed, 707 So.2d 1126 (Fla.1998), and Hellmann v. City of Orlando, 610 So.2d 103 (Fla. 5th DCA 1992). We do not believe that such a conflict exists. If the Supreme Court disagrees, of course, it has jurisdiction to review this decision under Article V, section 3(b)(3), Fla. Const.