721 So.2d 409 (1998)
Leyton F. PEREZ, Appellant,
v.
CIRCUIT CITY STORES, INC., a Virginia Corporation, Appellee.
No. 98-1013.
District Court of Appeal of Florida, Third District.
November 25, 1998.
*410 H. Dillon Graham, III, Coral Gables, for appellant.
Gaebe, Murphy, Mullen & Antonelli, and Matthew W. Dietz, Coral Gables, for appellee.
Before SCHWARTZ, C.J., and GERSTEN and GREEN, JJ.
GERSTEN, Judge.
The county court certified the following question as being of great public importance:
DOES FLORIDA STATUTE § 768.79 REQUIRE THAT THE COURT NOT CONSIDER FLORIDA STATUTE § 57.041 COSTS ADDED TO A JURY VERDICT IN A FINAL JUDGMENT, WHEN COMPARING THAT FINAL JUDGMENT TO PLAINTIFF'S DEMAND FOR JUDGMENT?
We accept jurisdiction pursuant to Florida Rule of Appellate Procedure 9.160, answer in the negative, but only with respect to costs incurred before the demand for judgment is filed, and reverse.
Leyton F. Perez ("plaintiff") left his car at a branch of Circuit City Stores, Inc. ("defendant") to have a stereo installed. While in the defendant's care, the car was stolen and subsequently recovered in damaged condition. The plaintiff sued the defendant to recover his damages. Thereafter, the plaintiff served a $6,000.00 demand for judgment, pursuant to Section 768.79, Florida Statutes (1997), on the defendant. The defendant rejected the demand and the case went to trial.
Section 768.79(6)(b) provides, in pertinent part:
(b) If a plaintiff serves [a demand] which is not accepted by the defendant, and if the judgment obtained by the plaintiff is at least 25 percent more than the amount of the [demand], the plaintiff shall be awarded... attorney's fees... incurred from the date the offer was served...
The plaintiff, thus, needed to obtain a judgment in the amount of $7,500.00 or more in order to trigger entitlement to attorney's fees under this section.
The plaintiff obtained a verdict in the amount of $6,696.23. After adding prejudgment interest and the plaintiff's entitlement to costs under Section 57.041, Florida Statutes (1997),[1] the trial court entered a judgment in the amount of $7,728.03. The plaintiff then moved for attorney's fees under Section 768.79 because he obtained a judgment that was at least twenty-five percent greater than his demand for judgment.
The trial court, however, denied the plaintiff's motion on the ground that costs are incidental to the action, and thus, not part of the "judgment" for Section 768.79 purposes.[2] Without the $298.00 statutory pre-demand costs award, the plaintiff's judgment amounted to $7,430.03; $69.97 short of the required amount.
The plaintiff's entitlement to fees under Section 768.79 depends upon whether predemand costs, to which a prevailing plaintiff *411 is entitled pursuant to Section 57.104, are part of the "judgment obtained" for Section 768.79 purposes. The Second and Fifth Districts have held that they are not, and have defined the term "judgment obtained" as being limited to "the amount of the judgment for damages awarded by the jury." See Mincin v. Short, 662 So.2d 1323, 1325 (Fla. 2d DCA 1995); Williams v. Brochu, 578 So.2d 491, 493 (Fla. 5th DCA 1991). We disagree with our sister courts' limited definition.
The amount of the judgment for damages awarded by a jury is a "verdict," see Black's Law Dictionary 1559 (6th ed.1990), not a "judgment." Furthermore, Section 768.79(6)(b) specifically defines the term "judgment obtained" as:
the amount of the net judgment entered, plus any postoffer settlement amounts by which the verdict was reduced.
While a jury's verdict is certainly an important part of the "judgment obtained," we fail to see how the two terms can be equated.[3]See Allstate Insurance Co. v. Sutton, 707 So.2d 760 (Fla. 2d DCA 1998)("For purposes of a statute such as Section 768.79, the damages that trigger the attorney's fee portion are measured by the judgment rather than by the jury verdict").
In excluding costs from the term "judgment obtained," the Mincin and Williams courts relied upon cases holding that costs are incidental to an action for jurisdictional purposes. See Mincin v. Short, 662 So.2d at 1324 (citing Golub v. Golub, 336 So.2d 693 (Fla. 2d DCA 1976)); Williams v. Brochu, 578 So.2d at 493 n. 3 (citing Louisville and Nashville Railroad Co. v. Sutton, 44 So. 946 (Fla.1907)). We point out, however, that while costs may be incidental for jurisdictional purposes, they are not incidental for settlement purposes.
In State Farm Life Insurance Co. v. Bass, 605 So.2d 908 (Fla. 3d DCA 1992), we held that in order for a plaintiff to preserve his entitlement to attorney's fees, the plaintiff's demand must include costs. See also Clinica Lourdes, Inc. v. Miro, 713 So.2d 1062 (Fla. 3d DCA 1998) (applying Bass rule to Section 768.79 attorney's fees motions); Stouffer Hotel Co. v. Teachers Insurance, 944 F.Supp. 874 (M.D.Fla.1995), aff'd, 101 F.3d 707 (11th Cir.1996) ("An offer of judgment ought to fairly account for the risks of litigation, the costs and fees at stake, and other components of uncertainty that sophisticated persons assay when deciding whether to settle"). In accordance with the Bass rule, the plaintiff's $6,000.00 demand for judgment stated that it was inclusive of costs and prejudgment interest and that it was meant to resolve all pending claims.
There is a correlation between the amount demanded and the amount that needs to be recovered in order to trigger entitlement to attorney's fees under the demand for judgment statute. The higher the demand, the higher the judgment threshold. Because the inclusion of costs in a plaintiff's demand necessarily raises the amount demanded, it follows that the inclusion of costs in the demand also raises the judgment threshold. It would be inherently unfair to force the plaintiff to include costs in his demand for judgment, and consequently in setting the judgment threshold, and not to include them in determining whether that threshold has been met. Apples must be compared to apples.
Moreover, we note that other demand for judgment statutes require evenhanded comparisons. For example, Section 45.061, Florida Statutes (1997), which applies to causes of action accruing on or before October 1, 1990, and Section 627.428, Florida Statutes (1997), which applies in insurance disputes, require pre-demand costs to be included in the "judgment" for purposes of determining entitlement to attorney's fees.[4] Section 45.061 explicitly *412 provides that the judgment obtained is "the total amount of money damages awarded plus the amount of costs and expenses reasonably incurred by the plaintiff or counter-plaintiff prior to the making of the offer." § 45.061(2)(b), Fla. Stat. (1997). Section 627.428 has been interpreted in the same manner. See DeSalvo v. Scottsdale Ins. Co., 705 So.2d 694 (Fla. 1st DCA 1998), review granted, 717 So.2d 537 (Fla. May 20, 1998). Because Section 768.79 serves the same purpose as these statutes, we follow the same reasoning. See Stephenson v. Holiday Rambler, 709 So.2d 139 (Fla. 4th DCA 1998).
We, therefore, interpret the statutory term "the net judgment entered" to include a prevailing plaintiff's pre-demand costs. Because all of the plaintiff's costs were incurred before he made his demand in this case, all of his costs are properly added to the verdict and prejudgment interest in determining the "judgment obtained."
The plaintiff, thus, obtained a judgement in the amount of $7,728 .03, which is more than twenty-five percent greater than his $6,000.00 demand. Accordingly, the plaintiff is entitled to attorney's fees under Section 768.79. The judgement entered below is reversed. We certify conflict with the Second District's opinion in Mincin v. Short, 662 So.2d 1323 (Fla. 2d DCA 1995) and the Fifth District's opinion in Williams v. Brochu, 578 So.2d 491 (Fla. 5th DCA 1991).
Reversed; conflict certified.
NOTES
[1] Section 57.041 provides, in pertinent part:

(1) The party recovering a judgment shall recover all his legal costs and charges which shall be included in the judgment...
[2] The trial court properly did not subtract prejudgment interest from the judgment for Section 768.79 purposes. See Baker Protective Services v. FP Inc., 659 So.2d 1120 (Fla. 3d DCA 1995), review denied, 669 So.2d 250 (Fla. 1996); Persons v. Pelaez, 613 So.2d 509 (Fla. 2d DCA 1993); Phillips v. Parrish, 585 So.2d 1038 (Fla. 1st DCA 1991).
[3] The courts in Mincin and Williams interpreted an earlier version of the demand for judgment statute. See Mincin v. Short, 662 So.2d at 1324 n. 1; Williams v. Brochu, 578 So.2d at 492 n. 1. Although the earlier version was substantially similar to the current version, the term "judgment obtained" was not defined until 1990. See Ch. 90-119 § 48, Laws of Florida, effective October 1, 1990.
[4] This is the case in other states as well. See e.g. Poole v. Miller, 342 N.C. 349, 464 S.E.2d 409 (N.C.1995); Dunleavy v. Miller, 116 N.M. 353, 862 P.2d 1212 (N.M.1993); Heritage Engineering Construction, Inc. v. City of Industry, 65 Cal. App.4th 1435, 77 Cal.Rptr.2d 459 (Cal.App. 1998); and Farnsworth v. Steiner, 601 P.2d 266 (Alaska 1979).