STONE, J.
We reverse a final judgment awarding attorney’s fees to Regina Kujawa. In granting fees pursuant to the demand for judgment provisions of section 768.79, Florida Statutes, the trial court erroneously used the amount of the award in the jury’s verdict, rather than the amount of the final judgment, for purposes of calculating whether the judgment obtained was at least 25% more than Kujawa’s rejected demand.
Kpjawa was injured in an automobile collision and sued the two drivers, Wright and Boyd. She also sued State Farm, her uninsured motorist insurance carrier, be *1004 cause Wright was underinsured. Kujawa settled with Wright, and the case proceeded to jury trial against State Farm and Boyd. The jury found that Kujawa sustained total damages in the amount of $85,000.
The trial court entered final judgment in favor of Kujawa and against State Farm in the amount of $50,000, which amount represented the policy limits for the underin-sured motorist coverage, and against Boyd in the amount of $15,000, after setting off the $10,000 received from Boyd and $10,000 PIP benefits paid.
Kujawa had previously offered to settle her claim against State Farm for $50,000. She contends that for purposes of determining whether to award section 768.79 attorney’s fees, the jury verdict, not the judgment, controls. The trial court agreed, concluding that:
The Court determined that the Final Judgment of $65,052.82 is controlling for the purposes of calculating whether the recovery of the Plaintiff was at least 25% more than the amount offered.
The statutory provision at issue here, section 768.79, Florida Statutes, specifically provides, in pertinent part:
768.79. Offer of judgment and demand for judgment
(1) ... If a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, she or he shall be entitled to recover reasonable costs and attorney’s fees incurred from the date of the filing of the demand ...
[[Image here]]
(6) Upon motion made by the offeror within 30 days after the entry of judgment or after voluntary or involuntary dismissal, the court shall determine the following:
* * *
(b) If a plaintiff serves an offer which is not accepted by the defendant, and if the judgment obtained by the plaintiff is at least 25 percent more than the amount of the offer, the plaintiff shall be awarded reasonable costs, including ... attorney’s fees ...
§ 768.79(1), 6(b), Fla. Stat.
Under the statutory scheme, attorney’s fees are awarded only to a plaintiff whose demand for settlement has been rejected by a defendant and the judgment rendered against the defendant exceeds the demand by 25%. See § 768.79(1), Fla. Stat.
Section 768.79(6), Florida Statutes, further provides:
For purposes of the determination required by paragraph (b), the term “judgment obtained” means the amount of the net judgment entered, plus any postoffer settlement amounts by which the verdict was reduced.
We note that on similar facts, in Allstate Insurance Co. v. Sutton, 707 So.2d 760 (Fla. 2d DCA 1998), the jury verdict was reduced, post-trial, and judgment in the amount of the policy limits of $100,000 was entered. At issue in that appeal was whether the attorney’s fee award was premature because there had not yet been a finding of bad faith on the part of the insurance company. See id. The court, however, stated that
For the purposes of a statute such as 768.79, the damages that trigger the attorney’s fee portion are measured by the judgment rather than by the jury verdict, ..., and the final judgment must be modified to limit the insurer’s liability to the amount of its policy limits. An exception exists in the case of a judicial *1005 finding of bad faith on the part of the carrier.
Id. at 761 (citations omitted). In this case, as in Sutton, the final judgment awarded against the insurance company equaled the demand for judgment and the policy limits. Here, bad faith is not an issue; therefore, Sutton is not directly on point. Nevertheless, as observed in Sutton, the correct source from which to determine whether to award section 768.79 attorney’s fees is the judgment, not the verdict.
We are also persuaded by Perez v. Circuit City Stores, Inc., 721 So.2d 409 (Fla. 3d DCA 1998), which involved the question of whether the verdict or the judgment, which included pre-judgment interest and section 57.041 costs added to a verdict, should be considered the final judgment for purposes of awarding section 768.79 attorney’s fees. The Perez court noted that the amount of the verdict is not equated with “judgment obtained” for purposes of the statute and held that the final judgment controlled. See id.
In Perez, the difference between the verdict and the judgment was a matter of costs, not reduction based on policy limits. However, the conclusion in Perez, that it is the judgment, not the jury verdict, which must be considered in determining whether to award section 768.79 attorney’s fees and costs, is a logical application of the wording of the statute.
We further reject the claim that the statutory scheme involved violates the equal protection guarantee of the Florida Constitution, as it is raised for the first time on appeal. See Sanford v. Rubin, 237 So.2d 134 (Fla.1970); Hegeman-Harris v. All State Pipe Supply Co., 400 So.2d 1245 (Fla. 5th DCA 1981). We note, however, that we also find Kujawa’s equal protection argument lacking merit.
We conclude that it was error to use the jury verdict figure to determine entitlement to section 768.79 attorney’s fees. Hence, the final judgment awarding attorney’s fees and costs pursuant to section 768.79 is reversed.
DELL and KLEIN, JJ., concur.