PER CURIAM.
The City of Jacksonville appeals an order granting appellate attorney’s fees pursuant to section 768.79, Florida Statutes (1997), to Verdell L. Brooks, appellee, following the affirmance of a prior appeal in this action. See Consolidated City of Jacksonville v. Brooks, 757 So.2d 501 (Fla. 1st DCA 2000). The City argues that the trial court erred in computing the maximum fee allowable under the twenty-five percent fee cap in section 768.28(8), Florida Statutes (2000),[1] by not limiting the amount of the “judgment” to only the damages awarded by the jury. We find that the trial court did not err in its computation of the amount of the judgment for purposes of determining the attorney’s fees award.
The Supreme Court recently concluded that “the ‘judgment obtained’ pursuant to section 768.79 includes the net judgment for damages and any attorneys’ fees and taxable costs that could have been included in a final judgment if such final judgment was entered on the date of the offer.” White v. Steak & Ale of Florida, Inc., 816 So.2d 546, 551 (Fla.2002). Similarly, a “judgment” under section 768.28(8) is not limited to the amount of damages awarded in the jury verdict, but also includes any attorney’s fees and taxable costs granted by the court. See Perez v. Circuit City Stores, Inc., 721 So.2d 409 (Fla. 3d DCA 1998). The final judgment entered by the *185 trial court, and on which the section 768.28(8) fee cap was calculated is affirmed.
AFFIRMED.
DAVIS, VAN NORTWICK and POLSTON, JJ., concur.

. Subsection (8) of section 768.28, Florida Statutes (2000) provides as follows:
No attorney may charge, demand, receive, or collect, for services rendered, fees in excess of 25 percent of any judgment or settlement.
(emphasis added).