PALMER, J.
 

 In this uninsured motorist coverage lawsuit, Allstate Insurance Company (Allstate) appeals the final judgment entered by the trial court on the jury’s verdict in favor of Dave Jenkins. Finding no reversible error in the final judgment, we affirm without further discussion. Allstate also appeals the trial court’s order conditionally awarding Jenkins attorney’s fees pursuant to his demand for settlement filed below. That order is not a final appealable order; therefore, this court lacks the legal authority to review it at the present time.
 

 At the close of the trial below, a verdict was entered in Jenkins’ favor in the combined total of $119,237.99. The parties agree that, after set-offs, the net verdict was $94,717.59.
 

 Jenkins filed a motion for attorney’s fees pursuant to section 768.79 of the Florida Statutes (2005) based on Jenkins’ previously filed demand for settlement in which he offered to settle his uninsured motorist claims for the combined policy limits of $75,000.00. The motion stated that a fee award would be warranted provided that the net judgment totaled $93,750.00.
 

 Jenkins thereafter filed a motion seeking leave to amend his complaint to set forth a statutory claim of bad faith against Allstate.
 
 See
 
 §§ 624.155; 627.727(10), Fla. Stat. (2005). The trial court granted the motion, but abated resolution of the bad faith claims pending resolution of the instant appeal.
 

 The trial court then entered a partial final judgment. The court reduced the net verdict to the available uninsured motorist policy limits of $75,000.00, and then added in an award of costs in the amount of $15,968.33, for a net judgment of
 
 *165
 
 $90,968.38. In its order, the trial court expressly reserved jurisdiction to determine any and all statutory bad faith claims.
 

 On the same day, the trial court entered a separate order awarding Jenkins attorney’s fees in the amount of $200,723.75. However, the court ruled that, pursuant to the law as expressed in
 
 Allstate Insurance Company v. Sutton,
 
 707 So.2d 760 (Fla. 2d DCA 1998), the award was
 

 contingent upon, and shall not be executed until, a judicial finding of bad faith on the part of the Defendant, ALLSTATE INSURANCE COMPANY. This court, or any court presiding over the Plaintiffs related bad faith claims, shall provide for Entry of Final execution of this Final Judgment once it has been judicially determined that ALLSTATE INSURANCE COMPANY acted in bad faith.
 

 Allstate challenges this ruling arguing that the trial court’s reliance on
 
 Sutton
 
 was misplaced. This court lacks the authority to review this claim of error at this time because the trial court’s attorney’s fee order constitutes a non-final, non-ap-pealable order.
 

 To that end, the law is well-settled that an attorney’s fee award is not appeal-able until both the issues of entitlement and amount are ruled upon. Here, because the issue of Jenkins’ entitlement to recover his claim for statutory fees is contingent upon future events occurring in the still pending bad faith litigation, the attorney’s fee award is not final, and thus, not reviewable.
 
 See State, Dept. of Highway Safety and Motor Vehicles v. Trauth,
 
 971 So.2d 906, 908 (Fla. 3d DCA 2007)(holding that an attorney’s fee award does not become final, and therefore appealable, until the amount of fees is set);
 
 Mills v. Martinez,
 
 909 So.2d 340, 342 (Fla. 5th DCA 2005)(explaining that an order determining entitlement to attorney’s fees was not a final order despite being included in a final judgment because an award of attorney’s fees does not become final, and, therefore, appealable until the amount is set by the trial court).
 

 Jenkins has filed with this court a motion for a conditional award of appellate attorney’s fees, seeking an award of attorney’s fees under section 768.79 of the Florida Statutes (2005) conditioned upon his recovery of a judgment sufficiently exceeding the amount of his demand for settlement. As an additional ground for an award of appellate attorney’s fees, Jenkins cites to section 624.155 of the Florida Statutes (2005), which authorizes the recovery of attorney’s fees by a successful plaintiff in a bad faith action. We deny the motion on both grounds.
 

 With regard to the demand for settlement statutory fee request, the net judgment rendered in this action did not rise to the level necessary to entitle Jenkins to recover such fees. The trial court’s decision to allow the bad faith claim in a supplemental proceeding in this action, rather than as a separate action, cannot revive Jenkins’ claim for attorney’s fees under his demand for settlement. The bad faith action is a separate and distinct cause of action, which did not accrue until completion of the initial action and thus cannot be used to obtain attorney’s fees under the demand for settlement filed in the initial action. Although
 
 Sutton
 
 appears to allow for a subsequent bad faith action to be brought in the original proceeding (a practice which creates an abundance of problems), the bad faith action is more appropriately brought as a separate cause of action.
 

 Similarly, the request for a conditional award of appellate attorney’s fees under the bad faith statute is denied. The in
 
 *166
 
 stant appeal was from the initial action, not from the subsequent bad faith action. If Jenkins is ultimately successful on his claim of bad faith, he will be entitled to seek recovery of statutory attorney's fees as part of the damages in that suit.
 

 AFFIRMED.
 

 ORFINGER and EVANDER, JJ., concur.