ON MOTION FOR REHEARING OF UNPUBLISHED ORDER DENYING MOTION FOR ATTORNEYS’ FEES
 

 EN BANC
 

 ALTENBERND, Judge.
 

 This appeal arises from a judgment in favor of Michael and Phyllis King against Government Employees Insurance Company (“GEICO”) on their claim for underin-sured motorist benefits. We have previously affirmed that judgment without a written opinion.
 
 Gov’t Emps. Ins. Co. v. King,
 
 No. 2D09-4742, 2010 WL 5113033 (Fla. 2d DCA Dec. 8, 2010) (table decision). Mr. King filed this motion for rehearing challenging only the court’s unpublished order denying his motion for attorneys’ fees. We grant the motion for rehearing but do not alter the disposition. Rather, by en banc opinion, we recede from a portion of our earlier decision in
 
 Allstate Insurance Co. v. Sutton,
 
 707 So.2d 760 (Fla. 2d DCA 1998), and deny Mr. King’s motion for attorneys’ fees.
 

 Mr. King was driving a car when it was struck from behind by another vehicle. The liability insurance company for the other vehicle settled the claims of Mr. and Ms. King for its policy limits. The car Mr. King was driving was owned by another person who had underinsured motorist insurance on that vehicle with GEICO. Mr. King and his wife filed claims as class II insureds with GEICO. The GEICO policy provided underinsured motorist coverage with limits of only $25,000 per person. After this lawsuit commenced, Mr. and Ms. King each made a proposal for settlement in the amount of $100,000.
 
 [1]
 
 GEICO did not settle the claims, and ultimately a jury
 
 *269
 
 returned a verdict in favor of Mr. King for $1,588,171 and in favor of Ms. King for $50,000.
 

 Because the trial involved only a claim for underinsured motorist benefits under the insurance contract, the judgment on appeal was not a judgment for the full amount of the jury’s verdict but rather a judgment based on the $25,000 in insurance coverage.
 
 See Nationwide Mut. Fire Ins. Co. v. Voigt,
 
 971 So.2d 239, 241-42 (Fla. 2d DCA 2008) (holding that judgment against insurer in an action for breach of contract for underinsured motorist benefits was to be limited to the policy limits). After oral argument in this appeal, the three-judge panel determined that there was no reversible error in that judgment and affirmed without a written opinion. The panel denied Mr. King’s motion for attorneys’ fees because the judgment did not involve a denial of coverage and his proposal of settlement before trial had been in the amount of $100,000, which was an amount in excess of the judgment on appeal.
 
 [2]
 

 See
 
 §§ 627.428, .727(8), 768.79(6)(b), Fla. Stat. (2005); Fla. R. Civ. P. 1.442.
 

 Mr. King’s motion for rehearing correctly notes that this court allowed for a conditional judgment of attorneys’ fees for work at the trial court level in
 
 Sutton,
 
 which is a very similar case. He argues that logically he should be entitled to a conditional judgment of attorneys’ fees for the work in this case at the appellate level.
 

 In
 
 Sutton,
 
 the trial court first entered a judgment for the limits of the insurance coverage, reserving jurisdiction to determine attorneys’ fees and costs at a later time. 707 So.2d at 761. Allstate appealed that judgment to this court, and we affirmed.
 
 Id.
 
 On remand, Allstate satisfied the judgment, but the trial court proceeded to conduct a hearing on attorneys’ fees, entering a judgment in excess of $200,000 even though there had been no determination that Allstate had committed bad faith and there was no legal basis at the time of the judgment for an award of fees.
 
 Id.
 
 The opinion reflects that a bad faith action was pending in federal court when the trial court entered the judgment.
 
 Id.
 

 According to this court’s opinion, Allstate argued that the judgment was “premature,” and the Suttons conceded this point.
 
 Id.
 
 Although this court reversed the judgment, we authorized the trial court to enter a so-called “contingent judgment” that we apparently assumed could be transformed into a real judgment in the event that the Suttons prevailed in federal court and the federal judgment exceeded 125 percent of the proposal for settlement made in the earlier circuit court action.
 
 Id.
 
 The opinion does not reveal whether we granted any motion for appellate attorneys’ fees on an equally contingent basis, but this court is aware that we have since issued such orders.
 

 In the twelve years that have passed since
 
 Sutton,
 
 the practice of entering contingent judgments does not appear to have gained any general acceptance. Courts have criticized the opinion in
 
 Sutton
 
 at least in part.
 
 See, e.g., State Farm Mut. Auto. Ins. Co. v. Kujawa,
 
 782 So.2d 1003, 1004-05 (Fla. 4th DCA 2001). Although the concept of a contingent judgment may have seemed like a good idea in
 
 Sutton,
 
 it presents many difficulties.
 

 A contingent judgment is not an appealable order.
 
 See Allstate Ins. Co. v. Jenkins,
 
 32 So.3d 163, 165 (Fla. 5th DCA 2010). Moreover, in
 
 Sutton
 
 for example,
 
 *270
 
 there is no reason to believe that the federal court would have concluded that it was bound by the state court’s premature determination of fees in the subsequent bad faith action. Obviously, if the insurance company prevails in the bad faith action, the contingent judgment becomes moot or is a nullity. In other words, such a contingent judgment is actually a factual determination on an issue that is not yet in controversy at the time of the determination.
 

 These difficulties arise because
 
 Sutton
 
 failed to draw a proper distinction between: (1) attorneys’ fees awardable in the first action for underinsured motorists benefits under the rules governing awards of attorneys’ fees, and (2) damages award-able in the bad faith action that are measured by attorneys’ fees in the first action. At the end of the first action in
 
 Sutton
 
 and after the entry of the small judgment in this case, the plaintiffs had not received judgments that permitted awards of fees under section 768.79 or under any other legal basis.
 
 See Sutton,
 
 707 So.2d at 761. The fact that the verdict in each of these cases might be introduced into evidence in a subsequent lawsuit alleging bad faith presents no legal basis for the trial courts in these cases to make any determination of fees that might be awardable as damages in the subsequent lawsuit. Likewise, Mr. King is not entitled to an award of attorneys’ fees in this appeal at this time, and there is no legal basis for this court to order the trial court to determine a contingent award of appellate attorneys’ fees for use in any subsequent lawsuit.
 

 An action for bad faith usually is filed as a separate proceeding after the initial case is finished.
 
 Jenkins,
 
 32 So.3d at 165 (noting that “[t]he bad faith action is a separate and distinct cause of action, which [does] not accrue until completion of the initial action”).
 
 [3]
 
 The damages in a bad faith action involving underinsured motorist coverage are specified in section 627.727(10), Florida Statutes (2009).
 
 [4]
 
 If attorneys’ fees for this appeal are an element of damages under the language of that statute, an issue we do not decide today, those damages are awardable under section 627.727(10), not under section 768.79. It is the finder of fact in the subsequent lawsuit that is entitled to determine the amount of those fees. We are aware of no legal authority granted to this court or the trial court to predetermine those fees for the trier of fact in the subsequent lawsuit.
 

 It is also noteworthy that such a bad faith action is often brought pursuant to section 624.155, Florida Statutes (2009).
 
 *271
 
 The attorneys’ fees generated by that action can be awarded at the end of the case under section 624.155(4). The proposal for settlement served in the earlier breach of contract lawsuit will have no bearing on either the entitlement or the amount of that award because the newly accrued bad faith action cannot “revive” the unsuccessful proposal served in the earlier action.
 

 This court frequently enters an order authorizing the trial court to award appellate attorneys’ fees “contingent upon prevailing in the trial court” when the case has not yet proceeded to a final judgment and the right to fees is dependent on prevailing in the trial court. We do not enter such an order when a final judgment has been entered and it is clear that one party or the other has already prevailed on the claims presented to the trial court.
 

 We appreciate that a party such as Mr. King may fear that without an order from this court granting attorneys’ fees on a contingent basis, he may be unable to obtain fees as an element of damage in the bad faith action. To avoid any confusion, we explain that if, in a subsequent bad faith action, the trial court determines that such earlier appellate attorneys’ fees are an element of damages or are otherwise awardable in such a case, then that award does not require, as a condition precedent, any order from this court awarding fees on a contingent basis.
 

 Accordingly, we grant the motion for rehearing in order to recede from that portion of our opinion in
 
 Sutton
 
 that authorized the procedure of entering conditional judgments and deny Mr. King’s motion for attorneys’ fees.
 

 CASANUEVA, C.J., and WHATLEY, NORTHCUTT, DAVIS, SILBERMAN, KELLY, VILLANTI, WALLACE, LaROSE, KHOUZAM, CRENSHAW, MORRIS, and BLACK, JJ., Concur.
 

 [1]
 

 . We assume that the Kings made presuit offers to settle within the coverage limits.
 

 [2]
 

 . Ms. King did not receive a verdict in excess of her $100,000 offer, and she is not seeking attorneys’ fees at this time.
 

 [3]
 

 . In this case, the trial court reserved jurisdiction to allow the action to be amended to add a claim for bad faith. Although the propriety of bringing a bad faith claim by amending the original complaint is not at issue in this case, and
 
 Sutton
 
 apparently involved such an amendment, we agree with the Fifth District that this practice "creates an abundance of problems.”
 
 Jenkins,
 
 32 So.3d at 165. A bad faith claim "is more appropriately brought as a separate cause of action.”
 
 Id.
 
 At best, such an amendment in an action that has already reached final judgment on all of the claims pending at the time of the final judgment is a device that merely saves filing fees and service costs.
 

 [4]
 

 . Section 627.727(10) provides:
 

 The damages recoverable from an uninsured motorist carrier in an action brought under s. 624.155 shall include the total amount of the claimant's damages, including the amount in excess of the policy limits, any interest on unpaid benefits, reasonable attorney's fees and costs, and any damages caused by a violation of law in this state. The total amount of the claimant’s damages is recoverable whether caused by an insurer or by a third-party tortfeasor.