ALTENBERND, Judge.
GEICO Indemnity Company (“GEICO”) petitions this court for a writ of certiorari to quash an order determining “contingent” attorneys’ fees in favor of the plaintiff. Because the order does not result in irreparable harm, we dismiss the petition.
The trial court entered this order following a jury trial in a case in which Pollie DeGrandchamp sought uninsured motorist benefits. The jury’s verdict was substantially in excess of the insurance coverage. Accordingly, the trial court entered judgment for the amount of the insurance coverage, $10,000, and then proceeded to award “contingent” attorneys’ fees pursuant to our decision in Allstate Insurance Co. v. Sutton, 707 So.2d 760 (Fla. 2d DCA 1998).[1]
Shortly after the trial court entered its order, this court receded from Sutton in Government Employees Insurance Co. v. King, 68 So.3d 267 (Fla. 2d DCA 2011). In King, we recognized that a judgment that is “contingent” would not be appeal-able and would not be binding on the finder of fact in any subsequent bad faith proceeding.[2] Id. at 269-70. At the time the trial court entered its order in this case, however, it was following the existing precedent of this court.
The order challenged in this certiorari proceeding is not a judgment and is not subject to execution. It does not create a lien against anyone’s property. As we explained in King, it is essentially a preemptive determination of issues that may or may not arise in a subsequent action for bad faith. As such, although it may depart from the essential requirements of the current law of this court, we are unconvinced that it has or will cause any irreparable damage to GEICO. See Cruz v. Coopera-tiva De Seguros Multiples De P.R., Inc., 76 So.3d 394, 397-98 (Fla. 2d DCA 2011) (holding that absent irreparable harm, dismissal of the petition is warranted). The relevance, if any, of this order in a subsequent lawsuit is a matter for resolution by the judge in that proceeding.
Petition dismissed.
CASANUEVA and VILLANTI, JJ., Concur.

. GEICO appealed the final judgment in the amount of the insurance coverage. That appeal is still pending in this court. See GEICO Indem. Co. v. DeGrandchamp, No. 2D 10-6097 (Fla. 2d DCA filed Dec. 22, 2010).

. The bad faith proceeding arising from the King case is pending in federal court. The district court judge in that case recently refused to give res judicata effect to the jury's verdict in the King case, much less to any finding addressing attorneys’ fees. See King v. Gov't Emps. Ins. Co., No. 8:10-cv-977-T-30AEP, 2012 WL 4052271 (M.D.Fla. Sept. 13, 2012).