BERGER, J.
Appellants, UCF Athletics Association Inc. and its insurer, Great American Assurance Company, appeal an award of attorney’s fees and costs made to Appellee, Enock Plancher, as Personal Representative of the Estate of Ereck Michael Plancher, II, Deceased, under the offer of judgment statute, following entry of final judgment in favor of Appellee. See § 768.79, Fla. Stat. (2011); Fla. R. Civ. P. 1.442. We reverse.
In the underlying action, Appellee filed a negligence suit against UCFAA after his son collapsed and died during football practice while participating in a series of conditioning drills. After a three-week trial, the jury found UCFAA liable and awarded Appellee damages in the amount of $10 million. Thereafter, the trial court entered final judgment against UCFAA, and UCFAA appealed. Appellee moved for attorney’s fees and costs under section 768.79, Florida Statutes, based on an unaccepted demand for judgment in the amount of $4.75 million. While the underlying appeal was pending, the trial court entered judgments against Appellants for attorney’s fees in the amount of $1,897,720.00 and costs in the amount of $524,931.22. The fee and costs awards were separately appealed and are now before this court.[1]
In the companion case, we determined UCFAA was entitled to limited sovereign immunity, and ordered the judgment reduced to $200,000 in accordance with section 768.28(5), Florida Statutes.[2] Accordingly, we now reverse the judgments awarding attorney’s fees and costs, finding Appellee is not entitled to such an *618 award pursuant to section 768.79, Florida Statutes.
Section 768.79(6)(b) provides:
If a plaintiff serves an offer which is not accepted by the defendant, and if the judgment obtained by the plaintiff is at least 25 percent more than the amount of the offer, the plaintiff shall be awarded reasonable costs, including investigative expenses, and attorney’s fees, calculated in accordance with the guidelines promulgated by the Supreme Court, incurred from the date the offer was served.
[[Image here]]
For purposes of the determination required by paragraph (b), the term “judgment obtained” means the amount of the net judgment entered, plus any pos-toffer settlement amounts by which the verdict was reduced.
(Emphasis added). Thus, Appellee can only recover attorney’s fees if the “judgment obtained” is at least $5,957,500, an amount 25% higher than the $4.75 million offer of judgment. § 768.79(6)(b), Fla. Stat. (2011). In light of our ruling in the companion case, the judgment cannot reach that threshold even though the jury awarded damages in the amount of $10 million.
It is the judgment obtained, not the verdict, that controls whether fees can be awarded in this case. See Perez v. Circuit City Stores, Inc., 721 So.2d 409, 411 (Fla. 3d DCA 1998) (“The amount of the judgment for damages awarded by a jury is a ‘verdict,’ ... not a ‘judgment.’ ”); Allstate Ins. Co. v. Sutton, 707 So.2d 760, 761 (Fla. 2d DCA 1998) (stating that for the purposes of a statute such as section 768.79, the damages that trigger the attorney’s fees portion are measured by the judgment rather than the jury verdict), receded from on different grounds by, Gov’t Emps. Ins. Co. v. King, 68 So.3d 267 (Fla. 2d DCA 2011) (en banc). For the purpose of the offer of judgment statute, the judgment obtained includes the net judgment for damages and any attorney’s fees and taxable costs that could have been included in a final judgment if such final judgment was entered on the day of the offer. White v. Steak and Ale of Florida, Inc., 816 So.2d 546, 551 (Fla.2002). Accordingly, because Appellee can only obtain a net judgment from UCFAA in the amount of $200,000, he is not entitled to an award of fees and costs pursuant to section 768.79(6)(b), Florida Statutes.
The Florida Supreme Court has held that the language of section 768.79, as well as rule 1.442, which implements it, “must be strictly construed because [they] are in derogation of the common law rule that each party pay its own fees.” Tierra Holdings, Ltd. v. Mercantile Bank, 78 So.3d 558, 563 (Fla. 1st DCA 2011) (quoting Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So.2d 276, 278 (Fla.2003)). Moreover, because an award under the offer of judgment statute serves as a penalty, the strict-construction rule must be applied “in favor of the one against whom the penalty is imposed,” and the statute must never be “extended by construction.” Id. (quoting Sarkis v. Allstate Ins. Co., 863 So.2d 210, 223 (Fla.2003)). Similarly, because under the common law an agent of the state could not be sued for damages, the statute waiving sovereign immunity must be strictly construed. Cauley v. City of Jacksonville, 403 So.2d 379, 381 (Fla.1981); Carlile v. Game & Fresh Water Fish Comm’n, 354 So.2d 362, 364 (Fla.1977).
A defendant entitled to sovereign immunity puts itself in jeopardy of having to pay attorney’s fees if it rejects a plaintiffs offer and the ultimate judgment is at least 25% greater than the offer. Howev *619 er, the attorney’s fees award is limited by sections 768.28(5) and (8), Florida Statutes, to 25% of the judgment. See Hellmann v. City of Orlando, 634 So.2d 245, 246 (Fla. 5th DCA 1994) (attorney fee award limited to 25% of the judgment under sovereign immunity waiver statute); City of Live Oak v. Harris, 702 So.2d 276 (Fla. 2d DCA 1997) (holding in action against governmental entity trial court cannot award attorney’s fees exceeding 25% of the final judgment). Furthermore, the total amount of the judgment, inclusive of attorney’s fees and costs, cannot exceed the statutory cap of $200,000. See § 768.28(5), Fla. Stat.; Pinellas County v. Bettis, 659 So.2d 1365, 1367 (Fla. 2d DCA 1995) (county’s liability for attorney’s fees based on rejection of plaintiffs offer of judgment was subject to statutory limitation on county’s tort liability).
UCFAA rejected Appellee’s offer for $4.75 million, based on its correct assertion that the sovereign immunity cap applied to this case. Had the trial court properly ruled as such, on the day the offer was made, the most Appellee would have been entitled to recover from UCFAA was $200,000, an amount much less than the offer Appellee made to settle the case. As such, UCFAA should not be penalized under section 768.79 for standing its ground as to its sovereign immunity defense by rejecting Appellee’s offer.
Accordingly, the judgments entered against Appellants awarding attorney’s fees in the amount of $1,897,720.00 and costs in the amount of $524,931.22 are reversed.[3]
REVERSED.
TORPY, C.J., and LAWSON, J., concur.

. 5D11-4253 and 5D12-454 have since been consolidated.

. 5D11-2710

. Appellee’s argument that the merits and costs judgments should be affirmed as to Great American because Great American did not assert entitlement to sovereign immunity in the trial court or in the appeal in the companion case has little merit. The action was not filed against Great American, it was filed against Appellant. Great American was joined in the action after Appellee prevailed below. See § 627.4136(1), Fla. Stat. (2011) (prohibiting joinder of liability insurer in a third party’s action until a settlement or verdict is reached against the insured). As a result, sovereign immunity attached to the judgment before Great American was added to the merits and costs judgment. § 627.4136(4), Fla. Stat. (2011) (a plaintiff may add "a liability insurer ... as a party defendant for the purpose[ ] of entering a final judgment_”).